550

*In the Matter of the Marriage of* SAMUEL E.
TILLMAN, SR., *Respondent, and* SAMSOON
TILLMAN, *Appellant.*

*Frederick W. Fleming,* for appellant.

*William L. Beecher,* for respondent.

PETRICH, C.J.—Samsoon Tillman challenges that portion of a default dissolution decree which awards substantially all of the parties' property to her husband and which neglected to provide her with reasonable maintenance. Process was served by publication of the summons in a local newspaper. Mrs. Tillman became aware of the decree shortly after it was entered and petitioned the court for relief on the basis that the decree was void for lack of jurisdiction. She contends that service of process was defective because Mr. Tillman did not conduct a diligent search for her before resorting to service by publication. In rejecting her petition, the trial court reasoned that Mr.

Tillman had complied with the literal demands of the applicable statute, RCW 4.28.100, and that nothing more is required.[1] We reverse the property disposition and hold that a party wishing to serve a summons by publication must first exercise due diligence in attempting to find the absent respondent/defendant.

Samuel and Samsoon Tillman were married in Korea on October 18, 1955. In 1974, they purchased a home in Tacoma, Washington. The Tillmans separated in 1978. Sometime thereafter, Mrs. Tillman left Washington, at least for a period of time.

In March 1982, Mr. Tillman petitioned the court for dissolution of his marriage and for leave to serve the summons by publication. The request for service by publication was supported by an affidavit from Mr. Tillman's attorney stating:

[T]hat the place of residence of the respondent is unknown to him, and that he believes the respondent is not a resident of this state and cannot be found herein and that although the respondent is not a resident of this state, she has property situated in this state, and this court has jurisdiction of the subject matter of the above-entitled action.

Permission to publish the summons was granted. Accordingly, beginning on March 30, 1982, a summons was published for 6 consecutive weeks in the Tacoma Daily Index, a

---

[1]RCW 4.28.100 in pertinent part provides:

"Service of summons by publication—When authorized. When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases: . . .

"(3) When the defendant is not a resident of the state, but has property therein and the court has jurisdiction of the subject of the action;

"(4) When the action is for divorce in the cases prescribed by law; . . ."

legal newspaper.

On June 30, 1982, Mr. Tillman obtained an order of default and a decree of dissolution. In substance, Mr. Tillman was granted all of the couple's equity in the family home and his retirement benefits from the military and City of Puyallup. Mrs. Tillman was granted any retirement benefits she might have.

■ We turn first to Mrs. Tillman's contention that the trial court lacked jurisdiction because the service of process was defective. A starting point for our discussion is *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 94 L. Ed. 865, 70 S. Ct. 652 (1950), wherein the Court held that due process requires notice

> reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . .
> . . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

Washington has acknowledged this rule. *See Ashley v. Superior Court*, 83 Wn.2d 630, 521 P.2d 711 (1974).

We believe the spirit of *Mullane* and *Ashley* is violated by the construction of RCW 4.28.100 adopted by the trial court. Further, this construction was rejected by our Supreme Court when it construed section 228 of the Remington Code, a section nearly identical to RCW 4.28.100. The court in *Chase v. Carney*, 199 Wash. 99, 103, 90 P.2d 286 (1939), stated:

> Rem. Rev. Stat., § 228 [P. C. § 8441], provides that, when a defendant cannot be found within the state, of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is *prima facie* evidence, and upon the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state or cannot be found therein, service may be made by publication of the summons. While there is nothing in this section that specifically requires inquiry or search in order to furnish

the basis for making an affidavit for publication, this court has adopted the rule that a reasonable search is necessary. *Warner v. Miner*, 41 Wash. 98, 82 Pac. 1033; *Olson v. Johns*, 56 Wash. 12, 104 Pac. 1116; *Schmelling v. Hoffman*, 111 Wash. 408, 191 Pac. 618.

Here, the trial court erred when it rejected Mrs. Tillman's contention that the service by publication was invalid because Mr. Tillman did not first exercise reasonable diligence to locate her. This is so because Mr. Tillman concedes in his affidavit to the court that he made no effort to ascertain Mrs. Tillman's whereabouts.

With respect to the status of the marriage, neither party contests the dissolution nor do we have cause to raise, sua sponte, an issue concerning its validity. Accordingly, that portion of the decree dissolving the marriage is affirmed and we reverse that portion of the decree which distributes the parties' property and remand for an appropriate property division and consideration of an award of maintenance as may be justified under the circumstances.

PETRIE and WORSWICK, JJ., concur.