[No. 13156–7–I.   Division One.   January 6, 1986.]

KENNETH A. MACDONALD, ET AL, *Appellants,* v. JEANNETTE C. HAYNER, ET AL, *Respondents.*

*Mary Ruth Mann,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *James M. Johnson, Senior Assistant,* for respondents.

WEBSTER, J.—The plaintiffs, attorneys Kenneth A. Mac-Donald and Mary Ruth Mann, appeal from a summary judgment dismissing their claim against the Washington State Senate for services rendered. Under theories of modification, quantum meruit, equitable estoppel, and implied contract, they seek compensation at several times the $10,000 limit set in their written contract with the State. We affirm the dismissal.

## FACTS

This case arises out of plaintiffs' contract with the Washington State Senate to conduct a preliminary inquiry and prepare a written report on the Issaquah class ferry contracts. The contract, signed on March 4, 1981, after extensive negotiation, set an hourly rate for plaintiffs' compensation but provided that total fees were not to exceed $10,000. The report was due within 60 days of the signing of the contract.

MacDonald and Mann worked over 6 months on the project and well exceeded their contract budget. At one point, the Senate granted them a 30–day extension, but continued to stand upon the $10,000 fee limit. Plaintiffs'

affidavit states that Senate majority leader Hayner told MacDonald during a telephone conversation that she would negotiate the question of further compensation after the report was submitted. The State paid the plaintiffs only $10,000 in accordance with the contract.

MacDonald and Mann brought this action against the Senate in King County Superior Court, claiming between $78,000 and $89,000. The trial court granted summary judgment against the plaintiffs on the theory that RCW 39.29 bars recovery from the State beyond the terms of a written contract. The court reasoned that even if the statute did not bar recovery under an oral modification or equitable theory, the plaintiffs had failed to show a promise by Senator Hayner or the Senate to pay more than $10,000 for the report. Plaintiff's motion for reconsideration was denied.

## RCW 39.29

We first address the trial court's holding that RCW 39.29 bars the plaintiffs' suit.

The trial court ruled that the statute's contract filing procedures were meant to limit a contractor's claims to the terms of a written contract. The plaintiffs contend, on the other hand, that because the Senate filed their contract too late, the statute renders the written contract void. We disagree with both constructions of the statute.

RCW 39.29.003 *et seq.* provide that all personal service contracts with the Legislature shall be filed with the Office of Financial Management and the Legislative Budget Committee at least 10 days before any work begins under the contract.

The stated intent of the statute is as follows:

It is the intent of this chapter to provide for a comprehensive legislative review of all personal service contracts negotiated within state government, unless specifically exempted under this chapter, and to centralize executive supervision of these expenditures by the office of financial management.

RCW 39.29.003.

■■ RCW 39.29 neither bars plaintiffs' claims nor renders the contract void. Statutes in derogation of the common law must be strictly construed, and no intent to change that law will be found unless clearly expressed. *McNeal v. Allen,* 95 Wn.2d 265, 269, 621 P.2d 1285 (1980). "The primary objective of statutory construction is to carry out the intent of the Legislature, which must be determined primarily from the language of the statute itself." *State v. Neslund,* 103 Wn.2d 79, 82, 690 P.2d 1153 (1984). Here, the primary evidence of intent is the Legislature's own statement in RCW 39.29.003. The intent appears to have been simply to provide for centralized review of state personal service contracts, not to affect contractors' rights.

We therefore examine each of the plaintiffs' claims to determine whether there is no genuine issue as to any material fact, and whether the defendants are entitled to summary judgment as a matter of law. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

### MODIFICATION

■ Plaintiffs first argue that the terms of the contract were modified. Both parties must agree to the modification of a contract in order for the change to be effective. *Wagner v. Wagner,* 95 Wn.2d 94, 103, 621 P.2d 1279 (1980). MacDonald and Mann have presented no evidence that Hayner or the Senate agreed to compensation beyond the $10,000 limit. Even viewing all materials submitted in the light most favorable to the nonmoving party, as we must for purposes of reviewing a summary judgment, *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wn.2d 528, 530, 503 P.2d 108 (1972), at most Senator Hayner told MacDonald she would "negotiate" additional compensation upon submission of the final report. A promise to negotiate is not a promise to pay, but only a promise to talk about the possibility of payment.

### QUANTUM MERUIT

■ MacDonald and Mann also argue they are entitled to recover under a measure of quantum meruit. Quantum

meruit is an appropriate remedy where substantial change not within contemplation of the contracting parties occurs with a resulting benefit to one party and expense to the other. *Heaton v. Imus,* 93 Wn.2d 249, 254, 608 P.2d 631 (1980). There is no evidence that substantial change occurred. The plaintiffs discovered more and more information that they believed was important and took it upon themselves to write a multi–volume study. They have not presented evidence that they could not have written a shorter report, more in the nature of the "preliminary inquiry" contracted for.

## EQUITABLE ESTOPPEL

The plaintiffs also refer to equitable estoppel in their brief, but they have not shown the first requirement for equitable estoppel: an admission, statement or act inconsistent with the claim thereafter asserted. *Beggs v. Pasco,* 93 Wn.2d 682, 689, 611 P.2d 1252 (1980). A promise to negotiate is not necessarily inconsistent with the State's present refusal to pay additional compensation.

## IMPLIED CONTRACT

The plaintiffs' remaining arguments are based on theories of implied contract. There are two types of implied contract: those implied in fact and those implied in law. *Heaton v. Imus, supra* at 252; *Chandler v. Washington Toll Bridge Auth.,* 17 Wn.2d 591, 137 P.2d 97 (1943). A contract implied in fact requires a meeting of the minds, and an agreement of the parties arrived at from their conduct rather than their expressions of assent. *Heaton v. Imus, supra.* A contract implied in law, or "quasi contract", arises from an implied duty of the parties not based on consent or agreement; it is based on the prevention of unjust enrichment. *Heaton v. Imus, supra.*

The plaintiffs are not entitled to recover under either theory of implied contract.

A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating

to the same matter, in contravention of the express contract.

*Chandler,* at 604; *Washington Ass'n of Child Care Agencies v. Thompson,* 34 Wn. App. 235, 238, 660 P.2d 1129 (1983). The courts will not allow a claim for unjust enrichment in contravention of a provision in a valid express contract. *Mountain Pac. Chapter, Associated Gen. Contractors of Am., Inc. v. State,* 10 Wn. App. 406, 518 P.2d 212 (1974).

As there are no issues of material fact, and the plaintiffs have not presented a claim under which they might be entitled to recovery, we affirm the summary judgment.

GROSSE, J., and COLE, J. Pro Tem., concur.