[No. 16474–1–I.   Division One.   February 23, 1987.]

ADAM BRENNER, *Respondent*, v. CRAIG LEAKE, *Appellant.*

*Allan R. Wales,* for appellant.

*Robert B. Spitzer* and *Strasburg, Levy & Spitzer,* for respondent.

SCHOLFIELD, C.J.—Craig Leake appeals the reinstatement of a default judgment entered against him for damages sustained in an automobile accident. We affirm.

## FACTS

A car driven by Adam Brenner, the plaintiff/respondent here, was rear-ended by an automobile driven by Leake, the defendant/appellant, while both parties were crossing the Evergreen Point floating bridge on July 27, 1980. The accident resulted in damage to Brenner's vehicle in the amount of $2,659.05.

Brenner's attorney contacted Leake's parents, who told the attorney that Leake had moved to Alaska and that they did not have an address for him. A check with the Washington State Department of Motor Vehicles showed Leake's address as that of his parents.

An attempt was made to personally serve Leake at his parents' address, but the process servers were also told that Leake was in Alaska. Consequently, Brenner proceeded to serve Leake pursuant to RCW 46.64.040, which allows a plaintiff to serve the Secretary of State if the defendant is a nonresident or a resident who has departed the state.

Leake failed to respond to the summons and complaint, and a default judgment was entered against him on October 5, 1983. In February 1985, Leake brought a motion to vacate the default judgment. Believing that the matter had been settled through some recent negotiations, Brenner's attorney, who was in trial at the time, failed to appear at that hearing. The court vacated the default judgment on February 25, 1985. Following a hearing on Brenner's motion to reinstate the default judgment, the trial court reinstated the judgment on April 29, 1985. The order reinstating the default judgment is the subject of this appeal.

STATUTORY CONSTRUCTION

The only issue raised on appeal concerns the application of RCW 46.64.040 to residents who temporarily remove themselves from the state. RCW 46.64.040 reads in pertinent part:

> The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his operation of a vehicle thereon, or the operation thereon of his vehicle with his consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his true and lawful attorney upon whom may be served all lawful summons and processes against him growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his vehicle is being operated thereon with his consent, express or implied, and such operation and acceptance shall be a signification of his agreement that any summons or process against him which is so served shall be of the same legal force and validity as if served on him personally within the state of Washington. *Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee of twenty–five dollars with the secretary of state of the state of Washington, or at his office, and such service shall be sufficient and valid personal service upon said resident or nonresident . . .*

(Italics ours.) The italicized portion of the above quoted statute was added by legislative amendment in 1971.

■ The function of the court in construing legislation is to ascertain legislative intent at the time of enactment of the statute. *Department of Fisheries v. Chelan Cy. PUD 1*, 91 Wn.2d 378, 588 P.2d 1146 (1979). Unambiguous words within a statute which are not defined therein should be

given their ordinary meaning, which may be determined by reference to such extrinsic aids as dictionaries. *Garrison v. State Nursing Bd.*, 87 Wn.2d 195, 550 P.2d 7 (1976). In addition, if the Legislature uses words which have a common meaning, that meaning will be applied to the statutory language, unless it results in an absurdity or incongruity. *In re Lehman*, 93 Wn.2d 25, 604 P.2d 948 (1980).

Leake argues that the legislative intent of the statutory amendment was only to provide a way to serve residents who become nonresidents within the 3–year statute of limitations period for filing an action and was not meant to provide a means of service for residents who are temporarily outside the state. We disagree.

█ *Webster's Third New International Dictionary* 604 (1981) defines "depart" as "to go away from or out of: leave". Nothing in this definition indicates a requirement that the leaving be permanent or be done with an intention to be permanent. Thus, the plain meaning of the phrase "depart the state" is to leave the state, without reference to a minimum or maximum amount of time one might be gone.

Although no Washington cases have addressed this issue directly, we note with approval a recent Court of Appeals decision in *Patrick v. DeYoung*, 45 Wn. App. 103, 724 P.2d 1064 (1986). In that case, a plaintiff seeking damages for negligence in an automobile accident was granted permission to serve the driver of the automobile by publication because she was in Hawaii. In her motion to dismiss, the driver argued that she lived in Hawaii for only 2 months and resided in Washington for all other pertinent periods.

On appeal, the *Patrick* court reversed the trial court's denial of the motion to dismiss the action on the ground, *inter alia,* that the driver could have been served according to the requirements of RCW 46.64.040, rather than by publication, because she was absent from the state for a period of time. Thus, the *Patrick* court indirectly applied RCW 46.64.040 to a resident's temporary absence from the state.

In like manner, we hold that the language "each resident

... who ... departs from this state", contained in RCW 46.64.040, applies not only to Washington residents who move to another state, but also to residents who leave the state for a more limited period of time. Applying this holding to the facts before us, we find that Leake was properly served in this action. Because he had departed the state to fish in Alaska within 3 years following the automobile accident, Brenner appropriately served the Washington Secretary of State in Leake's absence.

During oral argument before this court, Leake's counsel asserted a violation of due process based upon the claim Leake never received a copy of the summons and complaint. This argument was not asserted in appellant's brief, and no authority is cited to support it. For these reasons, we decline to discuss it further. RAP 12.1.

The trial court's order reinstating the default judgment in Brenner's favor against Leake is affirmed.

BRUCKER and ENNIS, JJ. Pro Tem., concur.