[No. 27536-4-I.    Division One.    January 21, 1992.]

GLENN MARTIN, ET AL, *Appellants*, v. EDWARD TRIOL, ET AL, *Respondents*.

*Charles K. Wiggins* and *Edwards, Sieh, Wiggins & Hathaway, P.S.,* for appellants.

*Michael Mines* and *Betts Patterson & Mines P.S.,* for respondents.

BAKER, J. — The Martins appeal the dismissal of their action for insufficiency of service of process, asserting that the trial court erred because (1) the Secretary of State was properly served pursuant to RCW 46.64.040; and (2) service was timely under RCW 4.16.170. We reverse the trial court and remand for a factual determination of whether the Martins satisfied the requirements for substituted service of process on the Secretary of State under RCW 46.64.040.

I

The Martins filed a complaint for personal injuries arising from a Washington motor vehicle accident on May 6, 1987, naming Edward and Jane Doe Triol as defendants. Service was attempted on the Triols at their residence on six occasions in July 1990, after the statute of limitations had run, but within 90 days after the summons and complaint were filed. Plaintiffs' counsel[1] stated that the Triols' neighbors told him they did not know where the Triols were or when they would be back. Plaintiffs' counsel also stated that he attempted to find other addresses for the defendants in the police report, the telephone directory, and through the telephone information service. On July 24, 1990, the 90th day after the complaint was filed, the Martins served two copies of the summons and complaint on the Secretary of State. The defendants were not in the state of Washington on that date.

The defendants moved to dismiss the action on grounds that the court lacked jurisdiction over them and for insufficiency of service of process. The trial court granted

---

[1]Counsel at trial was not counsel on appeal.

defendants' motion to dismiss and denied plaintiffs' motion for reconsideration.[2]

## II

The issue is whether RCW 46.64.040[3] authorizes substituted service of process on the Secretary of State during the 90-day period for perfecting the commencement of an action under RCW 4.16.170.[4]

Washington courts have not explicitly ruled on this issue. However, this court has in dicta suggested in at least two cases that a plaintiff may serve the Secretary of State during the 90-day period for perfecting the commencement of an action under RCW 4.16.170.

---

[2]Prior to oral argument, respondents motioned this court to consider additional evidence pursuant to RAP 9.11. Respondents sought to have an insurance claim form establishing the location of the accident admitted in order to raise the issue of whether the accident occurred on a "public highway" within the meaning of RCW 46.64.040. Respondents have failed to demonstrate that the facts in this case satisfy the requirements of RAP 9.11. The Washington Supreme Court has ruled that the requirements of RAP 9.11 are not met where the evidence sought to be admitted was in existence prior to trial but not presented to the trial court. *State v. Ziegler*, 114 Wn.2d 533, 541, 789 P.2d 79 (1990). The insurance claim form that respondents seek to have considered was in existence when their order of dismissal was signed. Accordingly, respondents' motion to have additional evidence considered is denied.

[3]RCW 46.64.040 provides in part:
"Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons as provided . . . for nonresidents."

[4]RCW 4.16.170 provides:
"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

In the more recent of the two cases, the plaintiff filed a complaint on the last day before the statute of limitations expired. *Patrick v. DeYoung*, 45 Wn. App. 103, 724 P.2d 1064 (1986), *review denied*, 107 Wn.2d 1023 (1987). Under RCW 4.16.170, the plaintiff then had 90 days in which to perfect the commencement of the action by serving the defendant. The issue on appeal was whether the trial court erred in concluding that the statute of limitations had been tolled under RCW 4.16.180 because one of the defendants willfully attempted to avoid service of process upon her. This court ruled that

> the tolling provisions of RCW 4.16.180 do not apply when a defendant may be served pursuant to RCW 46.64.040. In automobile accident cases, the Secretary of State becomes the appointed agent for service of process on a resident who has departed from this state.

*Patrick*, 45 Wn. App. at 110.

In *Fox v. Groff*, 16 Wn. App. 893, 559 P.2d 1376, *review denied*, 88 Wn.2d 1018 (1977), the plaintiff filed a summons and complaint on the last day before the statute of limitations expired, but did not serve the defendants within 90 days. *Fox*, 16 Wn. App. at 894. The trial court dismissed the action on the ground that service of process was not timely. In affirming the trial court, this court stated:

> The plaintiff had 90 days after filing his action, which did toll the running of the statute of limitations for that period of time, to serve the Secretary of State pursuant to RCW 46.64.040 or to obtain personal service upon the defendants.

*Fox*, 16 Wn. App. at 897-98. The court also explained that "[i]f within the next 90 days [after filing] the defendants had been served, either personally or through the Secretary of State (RCW 46.64.040), the action would have been properly commenced and the statute of limitations would have been tolled." *Fox*, 16 Wn. App. at 895.

■Respondents' argument that a plaintiff may not obtain substituted service of process under RCW 46.64.040 during the 90-day period for commencing an action under RCW 4.16.170 is not consistent with the dicta in these cases. Moreover, if the respondents' argument is correct, then a

plaintiff would be able to avail him- or herself of the 90-day period for commencing an action under RCW 4.16.170 only in those instances when the defendant was amenable to personal service or service by publication during the 90 days following the filing of the complaint. Thus, if the requirements for service by publication were not met, a plaintiff's ability to obtain service of process during the 90-day period for commencing an action under RCW 4.16.170 would depend on the fortuitous circumstance of whether the defendant was located within the state during that period.

The respondents' position is also inconsistent with the reasoning of a recent Supreme Court case, *Martin v. Meier*, 111 Wn.2d 471, 760 P.2d 925 (1988). In *Martin*, the Supreme Court rejected the notion that a plaintiff's attempts to serve the defendant must occur during any particular time during the limitations period or must in any way be calculated to coincide with the time when the defendant was known to be amenable to service. *Martin*, 111 Wn.2d at 480-81. While it may be in plaintiffs' best interest to obtain service of process as early as practicable during the limitations period, there are many reasons why a plaintiff may choose to delay commencing a lawsuit until the end of the limitations period. *Martin*, 111 Wn.2d at 480. The *Martin* court stated that

plaintiff has the full period of the statute of limitations to decide whether to file suit at all. It would be absurd to hold that plaintiff must, at whatever cost and inconvenience, locate defendant sometime during the limitations period in case plaintiff decides to sue.

*Martin*, 111 Wn.2d at 480.

We hold that RCW 46.64.040 does not prohibit substituted service of process on the Secretary of State during the 90-day period for perfecting the commencement of an action under RCW 4.16.170.

We next consider whether the appellants satisfied the requirements for substituted service of process under RCW 46.64.040. In *Martin*, the court interpreted RCW 46.64.040 as "providing for service on the Secretary of State where plaintiff has a good faith belief that defendant has departed

the state and has with due diligence attempted to find and serve defendant." *Martin*, 111 Wn.2d at 480. The court further defined "due diligence" as follows:

> We hold that "due diligence" under the statute requires that plaintiff make honest and reasonable efforts to locate the defendant. Not all conceivable means need be employed, but, at the least, the accident report, if made, must be examined and the information therein investigated with reasonable effort. In addition, if plaintiff has information available pertaining to defendant's whereabouts other than that contained in the accident report, plaintiff must make reasonable efforts to investigate based on that information as well.

*Martin*, 111 Wn.2d at 482.

■ ■ In this case, appellants attempted service on the respondents on six occasions between July 20 and July 25, 1990. The respondents were on a boat in Puget Sound from July 9 until July 20; on July 21, they departed the state and entered Canadian waters. Four attempts at service were made while the respondents were in Canada. However, the trial court did not enter any findings of fact regarding the due diligence and good faith requirements under RCW 46.64.040. These determinations are factual questions. *Martin*, 111 Wn.2d at 484. Article 4, section 6 of the Washington State Constitution vests in the trial court the exclusive power to resolve factual disputes. *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 959, 350 P.2d 1003, 353 P.2d 671 (1960). Accordingly, we reverse the trial court and remand for a factual determination of whether the appellants acted in good faith and exercised due diligence.[5]

KENNEDY and AGID, JJ., concur.

Reconsideration denied February 21, 1992.

Review granted at 119 Wn.2d 1007 (1992).

---

[5]Because we hold that RCW 46.64.040 does not prohibit substituted service of process on the Secretary of State during the 90-day period for perfecting the commencement of an action under RCW 4.16.170, we do not reach appellants' alternative argument regarding the duration of the Secretary of State's authority to accept service of process once a resident motorist has departed the state.