[No. 59161-0. En Banc. March 18, 1993.]

GLEN MARTIN, ET AL, *Respondents*, v. EDWARD TRIOL, ET AL, *Petitioners*.

---

[84]Verbatim Report of Proceedings, at 86.

*Reed McClure,* by *William R. Hickman,* for petitioners.

*Edwards, Sieh, Wiggins & Hathaway,* by *Charles K. Wiggins,* for respondents.

SMITH, J. — Petitioners Edward Triol and Gladys Triol seek review of a decision of the Court of Appeals, Division

One, which reversed a King County Superior Court order dismissing a personal injury action by Respondents Glen Martin and Dorothy Martin for lack of personal jurisdiction because of insufficiency of service of process.[1] We granted review on June 2, 1992. We affirm the decision of the Court of Appeals, but reverse it in part.

## FACTUAL AND PROCEDURAL HISTORY

On April 25, 1990, Respondents Glen and Dorothy Martin (Respondents) filed a complaint against Petitioners Edward and Gladys Triol (Petitioners) for personal injuries arising from an automobile accident which occurred in Seattle on May 6, 1987.[2] This filing occurred within the 3-year statute of limitations.[3] The filing tolled the statute of limitations and conferred jurisdiction[4] on the court for 90 days until Respondents complied with the service of process requirements of RCW 4.16.170. Respondents first attempted service of process on Petitioners on July 20, 1990, and continued daily through July 25, 1990.[5] Unable to locate the Triols, they served process on the Washington Secretary of State on July 24, 1990, pursuant to RCW 46.64.040.[6]

Petitioners Triol traveled out of state on several occasions during the 3-year period following the accident, although Respondents did not attempt to serve process on them during that period.[7] The Triols were at their Seattle home after

---

[1] *Martin v. Triol*, 63 Wn. App. 862, 822 P.2d 342 (1992).

[2] Clerk's Papers, at 2.

[3] RCW 4.16.080(2).

[4] CR 3(c), citing RCW 4.28.020, which provides in relevant part that:
"From the time of the commencement of the action . . . by the filing of a complaint . . . the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings."

[5] Clerk's Papers, at 35.

[6] Clerk's Papers, at 5.

[7] Clerk's Papers, at 15-16.

the complaint was filed until July 9, 1990, when they began a boat trip on Puget Sound.[8] On July 21, 1990, they sailed into Canadian waters and were thus not present in the state of Washington on July 24, 1990, the date of substituted service on the Secretary of State.[9]

Petitioners entered a notice of appearance and moved for dismissal, pursuant to CR 12(b), claiming that the court did not have personal jurisdiction over them because of insufficient service of process.[10] They argued to the trial court that RCW 46.64.040[11] limited substituted service on the Secretary of State to a period of 3 years following the accident. They further argued that the tolling statute,[12] RCW 4.16-.170, did not extend this 3-year limitations period and that Respondents' substituted service after May 6, 1990, was not timely.[13]

Respondents countered that the tolling statute, RCW 4.16-.170, did in fact extend the time for substituted service beyond the 3-year limitations period and that the Triols' absence from the state at the time service was attempted made substituted service appropriate.[14] Respondents argued, alternatively, that

---

[8]Clerk's Papers, at 15-16.

[9]Clerk's Papers, at 16-17.

[10]Clerk's Papers, at 19.

[11]RCW 46.64.040 states in relevant part: "[E]ach resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons . . .. [S]uch service shall be sufficient and valid personal service upon said resident . . .."

[12]RCW 4.16.170 states in relevant part:
"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . ."

[13]Clerk's Papers, at 19.

[14]Clerk's Papers, at 25-27.

the Triols' departures from the state during the 3-year period following the accident justified use of substituted service during the 90-day extension period.[15]

The trial court, the Honorable Ricardo S. Martinez, in dismissing the case by order dated October 24, 1990, ruled as untimely Respondents' substituted service on the Secretary of State, accomplished within 90 days following filing of the complaint, but more than 3 years after the accident giving rise to this action. Finding that the attempted service of process did not effect personal jurisdiction over Petitioners, the trial court dismissed the case.[16]

Respondents appealed the trial court's dismissal to the Court of Appeals, Division One.[17] They made the same arguments to the Court of Appeals that they made to the trial court. Petitioners Triol responded that the statutory limit for substituted service could not be extended by the "90-day rule", and that, in any event, substituted service on the Secretary of State was not the "personal service" required by the tolling statute. They further argued that a defendant's departure from the state during the 3-year limitations period made the Secretary of State the agent for service of process only for the duration of the absence.

In addition, Petitioners Triol attempted by motion to introduce on appeal additional evidence, pursuant to RAP 9.11, in an effort to present new issues concerning the adequacy of Respondents' compliance with the procedures under RCW 46.64.040 and the applicability of that statute to the accident in this case, which happened in the driveway of a commercial establishment and not on a "public highway".[18] The Court of Appeals denied that motion.[19]

---

[15]Clerk's Papers, at 38-39.

[16]Clerk's Papers, at 46-47.

[17]Clerk's Papers, at 72.

[18]See Brief of Respondents (in Court of Appeals), at 18, 19.

[19]*Martin v. Triol*, 63 Wn. App. 862, 863 n.1, 822 P.2d 342 (1992).

The Court of Appeals issued its opinion on January 21, 1992.[20] Finding no prior ruling on the particular issue presented in this case, the court cited what it acknowledged as dicta from two appellate court cases[21] as support for Respondents' position that RCW 4.16.170 does extend the 3-year limitations period set forth in RCW 46.64.040. The court held that substituted service on the Secretary of State more than 3 years after the date of an accident may be accomplished if it falls within the 90-day extension permitted by RCW 4.16.170.

The Court of Appeals also cited our 1988 decision in *Martin v. Meier*[22] as support for its ruling. In *Meier*, this court stated that a plaintiff "has the full period of the statute of limitations to decide whether to file suit at all" and need not serve process only at the convenience of the defendant.[23]

The Court of Appeals then considered the requirement of *Meier* that a plaintiff utilizing substituted service of process must have a "good faith belief that defendant ha[s] departed the state . . . [and with] due diligence . . . [attempt] to locate and serve defendant."[24] Having no findings of fact from the trial court, the Court of Appeals remanded for a factual determination whether Respondents acted in good faith and exercised due diligence in attempting service of process.[25]

The Triols petitioned this court for review of the Court of Appeals ruling. We granted review on June 2, 1992.

QUESTIONS PRESENTED

The questions presented by this case are (1) whether the 3-year time limit provided in RCW 46.64.040 prohibits sub-

---

[20]*Martin v. Triol, supra.*

[21]*Patrick v. DeYoung*, 45 Wn. App. 103, 724 P.2d 1064 (1986), *review denied*, 107 Wn.2d 1023 (1987); *Fox v. Groff*, 16 Wn. App. 893, 559 P.2d 1376, *review denied*, 88 Wn.2d 1018 (1977).

[22]111 Wn.2d 471, 760 P.2d 925 (1988).

[23]*Martin v. Meier, supra* at 480.

[24]*Martin v. Meier, supra* at 482.

[25]*Martin v. Triol, supra* at 867.

stituted service during the 90-day extension provided in RCW 4.16.170 and (2) whether substituted service on the Secretary of State meets the requirement of RCW 4.16.170 for "personal service" following filing of a complaint.

In addition, the parties raise two collateral issues. First, both parties raise the basic issue whether the court must strictly construe statutes which are in derogation of the common law. Second, Respondents urge this court to consider whether they did in fact exercise due diligence in attempting to serve Petitioners, and if the court concludes that they did, they then ask this court to set aside the order of remand from the Court of Appeals.

## DISCUSSION

This is the second case in recent years asking the court to interpret the absent motorist substituted service of process statute, RCW 46.64.040, which provides an alternative for service on parties involved in motor vehicle accidents who subsequently depart from the state.[26] The statute prescribes detailed procedures for accomplishing substituted service on absent parties. Despite those procedural details, however, the terms of the statute still require interpretation. This case presents a question concerning the interrelationship between RCW 46.64.040 and a second statute, RCW 4.16-.170, governing service of process.

### 1. Statutory Construction Standards

■ Certain rules of construction guide the court in its interpretation of statutes. A general rule, and one argued by the Petitioners in this case, states that "statutes providing for constructive or substituted service must be strictly construed as in derogation of the common law."[27] More specifically, "[w]hen RCW 46.64.040 applies . . . its procedures

---

[26]*See Martin v. Meier, supra,* which also involved interpretation of RCW 46.64-.040.

[27]*Martin v. Meier, supra* at 479.

Petitioners argue that, pursuant to RAP 13.7(b), this issue is not properly before the court. Petitioners themselves, however, have argued strict construction throughout their motions and briefs. See Clerk's Papers, at 22-23 (Defendants' Motion To Dismiss); Brief of Respondents (in Court of Appeals), at 14; RAP

must be strictly adhered to, otherwise jurisdiction is not obtained under the statute."[28] This court, however, in the 1991 case of *Wichert v. Cardwell*, called into question application of the rule of strict construction, and suggested the matter might be more fully addressed in a future case.[29]

■ *Meier* addressed the question whether a defendant must actually depart from the state before a plaintiff may resort to substituted service. RCW 46.64.040 applies to "each resident of this state who, while operating a motor vehicle . . . is involved in any accident . . . and thereafter . . . *departs* from this state . . ." (italics ours), and makes no reference to residents who are not absent from the state, but who cannot be located. Nevertheless, this court did not strictly construe the term "depart", acknowledging instead that "in construing statutes our objective is to ascertain legislative intent as expressed in the statute."[30] Under such a construction, the court approved use of the procedures under RCW 46.64.040 to serve the defendant, finding that plaintiff had a good faith belief that defendant was absent from the state and had exercised due diligence in attempting to find and serve the defendant. In construing statutes, "the spirit and intent of the statute should prevail over the literal letter of the law" and "there should be made that interpretation which best advances the perceived legislative purpose."[31] Petitioners argue incorrectly that the court need not construe the substituted service statute in order to resolve this case.[32] The

---

13.7(d), Supplemental Brief of Petitioners Triol. Their position, and cases cited in support, are not applicable here. *See, e.g., In re Marriage of Ortiz*, 108 Wn.2d 643, 740 P.2d 843 (1987); *State v. Cunningham*, 93 Wn.2d 823, 613 P.2d 1139 (1980); *Wood v. Postelthwaite*, 82 Wn.2d 387, 510 P.2d 1109 (1973).

[28]*Martin v. Meier, supra* at 479.

[29]*Wichert v. Cardwell*, 117 Wn.2d 148, 153-56, 812 P.2d 858 (1991).

[30]*Martin v. Meier, supra* at 479.

[31]*Wichert v. Cardwell, supra* at 151.

[32]Petitioners' Responsive Brief to Martin's Supplemental Brief, at 4-5. Petitioners cite two cases in support of their argument: *Johnson v. Morris*, 87 Wn.2d

issues in this case require a ruling on the meaning of words within the statute, as well as the effect of one procedural statute on another.

One interpretive distinction this court makes in construing service of process statutes and rules is between strict compliance and substantial compliance. Constructive or substituted service statutes require strict procedural compliance,[33] while personal service statutes require only substantial compliance.[34] It is appropriate to require strict compliance with the detailed procedures for service of process set forth in RCW 46.64.040.[35] Rules of construction are not helpful, however, in determining the operation of the tolling statute on the 3-year limit under the substituted service statute. As this court stated in *Wichert*,

> [W]e assume that the common law required personal service of process and that only personal service would suffice. We need

922, 557 P.2d 1299 (1976); *Sawyer v. Ostrom*, 39 Wn. App. 813, 696 P.2d 595 (1985). Both are distinguishable.

[33]*Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 39, 360 P.2d 744 (1961).

[34]*Barr v. Interbay Citizens Bank*, 96 Wn.2d 692, 696, 635 P.2d 441, 649 P.2d 827 (1982); *In re Estate of Palucci*, 61 Wn. App. 412, 416, 810 P.2d 970 (1991); *Thayer v. Edmonds*, 8 Wn. App. 36, 39, 503 P.2d 1110 (1972), *review denied*, 82 Wn.2d 1001 (1973).

[35]*Martin v. Meier, supra* at 479; *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 38, 360 P.2d 744 (1961) (requiring strict compliance with prior version of RCW 46.64-.040 specifying that notice of service on the Secretary of State actually be delivered to defendant and proved by a signed return receipt); *Reynolds v. Richardson*, 53 Wn.2d 82, 83, 330 P.2d 1014 (1958) (requiring plaintiffs to give notice to defendants of service on the Secretary of State).

Petitioners and Respondents cite numerous cases in arguing whether Washington courts ever used common law procedural forms and the appropriate application of legislative and judicial rules of statutory construction. *State v. Neslund*, 103 Wn.2d 79, 690 P.2d 1153 (1984); *Senear v. Daily Journal-American*, 97 Wn.2d 148, 641 P.2d 1180 (1982); *McNeal v. Allen*, 95 Wn.2d 265, 621 P.2d 1285 (1980); *Pacific Northwest Annual Conference of United Methodist Church v. Walla Walla Cy.*, 82 Wn.2d 138, 508 P.2d 1361 (1973); *Windust v. Department of Labor & Indus.*, 52 Wn.2d 33, 323 P.2d 241 (1958); *State ex rel. King Cy. v. Superior Court*, 104 Wash. 268, 176 P. 352 (1918); *State ex rel. Hopman v. Superior Court*, 88 Wash. 612, 153 P. 315 (1915); *Longview Fibre Co. v. Stokes*, 52 Wn. App. 241, 758 P.2d 1006 (1988); *MacDonald v. Hayner*, 43 Wn. App. 81, 715 P.2d 519 (1986); *In re Marriage of Tillman*, 38 Wn. App. 550, 686 P.2d 507 (1984); *Painter v. Olney*, 37 Wn. App. 424, 680 P.2d 1066, *review denied*, 102 Wn.2d 1002 (1984). None of these cases is dispositive of the issues now before the court.

not strictly construe the statute to conclude that the Legislature, if that were the common law, intended to change it by permitting substitute service. Having identified that change, we do not apply a strict construction in interpreting the statute. Rather, we so construe the statute as to give meaning to its spirit and purpose, guided by the principles of due process stated above.[36]

In order to resolve this issue, we must look to the legislative purpose underlying each of the statutes in question.

## 2. Interrelationship Between RCW 4.16.170 and RCW 46.64.040

■ Service of process requires adherence to due process requirements, and in its execution must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[37] The United States Supreme Court in 1927 found constitutional a nonresident motorist statute similar to RCW 46.64.040.[38] This court has previously ruled that the procedures under RCW 46.64-.040 satisfy due process requirements.[39]

■ It is necessary to distinguish between the limitation of actions statute (statute of limitations) and the substituted service statute, both of which impose 3-year time limits to accomplish their specified purposes.[40] RCW 4.16.170 explicitly tolls the statute of limitations when a complaint is filed

---

[36](Italics omitted.) *Wichert,* at 156.

[37]*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950).

[38]*Hess v. Pawloski*, 274 U.S. 352, 71 L. Ed. 1091, 47 S. Ct. 632 (1927).

[39]*Martin v. Meier, supra* at 478.

[40]RCW 4.16.080 (statute of limitations) states:
"The following actions shall be commenced within three years:
" . . . .
"(2) An action for taking, detaining, or injuring personal property... or for any other injury to the person or rights of another . . .".
RCW 46.64.040 (substituted service) states:
"[E]ach resident . . . who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state . . . as [that person's] lawful attorney for service of summons . . .."

or a summons is served, whichever occurs first.[41] We must now determine whether RCW 4.16.170 implicitly extends the 3-year limit for substituted service under RCW 46.64.040. We thus look to the legislative history of the two statutes.

The Legislature in 1895 created the "90-day rule" by enacting a statute permitting commencement of actions by filing a complaint, followed by service within 90 days.[42] This court adopted the rule in 1967 as part of its comprehensive revision of the rules of civil procedure.[43] The current version of the Superior Court Civil Rules continues to defer to the statutory provisions for tolling statutes of limitation.[44]

When the new civil rules were adopted in 1967, the foreword noted that they were designed "[t]o eliminate many procedural traps now existing in Washington practice."[45] Subsequent opinions of this court have reiterated the objective of the rules to minimize miscarriages of justice based on unnecessarily complex procedures, and have applied the 90-day rule to a variety of statutory time limits.[46]

---

[41]RCW 4.16.170 states:
"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. . . ."

[42]Laws of 1895, ch. 86, § 1. *See* RCW 4.16.170.

[43]CR 3(b); *see* Civil Rules for Superior Court, 71 Wn.2d xvii, xxvii (1967).

[44]CR 3(a) provides: "An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." CR 3(b), entitled "Tolling Statute", is reserved and refers to RCW 4.16.170.

[45]Civil Rules for Superior Court, Foreword, 71 Wn.2d xxiv (1967).

[46]*East Gig Harbor Imp. Ass'n v. Pierce Cy.*, 106 Wn.2d 707, 712, 724 P.2d 1009 (1986) (90-day rule of RCW 4.16.170 applies to appeal of local platting decision filed pursuant to County's procedural ordinance requiring filing within 30 days of action of county council); *Citizens Interested in Transfusion of Yesteryear v. Board of Regents*, 86 Wn.2d 323, 329-30, 544 P.2d 740 (1976) (90-day rule of RCW 4.16.170 applies to SEPA protests filed within 60 days of notice of government action, pursuant to former RCW 43.21C.080(2)); *Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767, 522 P.2d 822 (1974) (90-day rule of RCW 4.16.170 applies to mechanics' liens filed within 8-month limit pursuant to former RCW 60.04.100).

■ The purpose of the substituted service statute, RCW 46.64.040, is clearly stated in it. Attendant to the privilege of operating a motor vehicle on the public highways in Washington, residents "involved in any accident, collision or liability" and who thereafter within 3 years depart from the state confer agency on the Secretary of State for acceptance of service of summons and process, the same as provided in that statute for nonresidents.[47] Such statutes are "reasonably calculated to promote care on the part of all . . . who use [state] highways", as well as to "provide . . . a convenient method by which [claimants] may sue to enforce [their] rights."[48] The substituted service statute is designed to minimize procedural difficulties in bringing actions arising out of " '. . . the use of [the State's] highways . . . and the protection of persons and property within the State.' "[49] Decisions of this court and the Court of Appeals have interpreted terms of the substituted service statute. A potential defendant's absence from the state does not toll the statute of limitations under RCW 4.16.180[50] when the plaintiff has a statutory right, pursuant to RCW 46.64.040, to serve that party through the Secretary of State.[51] The language " 'each resident . . . who . . . departs from this state' " applies to residents who only temporarily leave the state.[52] A defendant need not have actually departed from the state, so long as plaintiff has a good faith belief that

---

[47] RCW 46.64.040; *Martin v. Meier, supra* at 476.

[48] *Hess v. Pawloski,* 274 U.S. at 356.

[49] *Tellier v. Edwards,* 56 Wn.2d 652, 654, 354 P.2d 925 (1960) (quoting *Hess v. Pawloski, supra*).

[50] RCW 4.16.180 provides: "[I]f after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action."

[51] *Smith v. Forty Million, Inc.,* 64 Wn.2d 912, 915, 395 P.2d 201 (1964); *see also Bethel v. Sturmer,* 3 Wn. App. 862, 479 P.2d 131 (1970).

[52] *Brenner v. Leake,* 46 Wn. App. 852, 855-56, 732 P.2d 1031 (1987) (quoting RCW 46.64.040).

the defendant is absent from the state.[53] This case, however, presents a new issue for our consideration: whether substituted service may be accomplished upon a defendant more than 3 years after the accident giving rise to the lawsuit.

■ The time limit provided in RCW 46.64.040 (3 years) is the same as that specified in the statute of limitations (3 years) for bringing an action for injury to person or property.[54] The Legislature in 1957 amended RCW 46.64.040 to include the section applying to absent resident motorists.[55] The Senate Judiciary Committee recommended changing the proposed time limit for service from 1 year to 3 years. That recommendation was incorporated into the statute.[56] " '[L]egislative bodies . . . are presumed to have full knowledge of existing statutes affecting the matter upon which they are legislating' ",[57] and it is reasonable to conclude that the Legislature intended to coordinate the absent motorist service statute with the statute of limitations governing lawsuits arising out of motor vehicle accidents.

■ ■ Legislative enactments which relate to the same subject and are not actually in conflict should be interpreted to give meaning and effect to both.[58] Considering the legislative objective of reducing procedural difficulties and the blanket application of the tolling statute to various statutory time limits, we read together the two statutes, RCW 4.16-.170 and RCW 46.64.040, and interpret them to give effect to their legislative purpose. We thus conclude that when a plaintiff commences suit by filing a complaint, it is logical to

---

[53]*Martin v. Meier, supra* at 480.

[54]RCW 4.16.080(2).

[55]Laws of 1957, ch. 75, § 1, p. 310.

[56]Senate Journal, 35th Legislature (1957), at 454-55.

[57](Citations omitted.) *Bennett v. Hardy*, 113 Wn.2d 912, 926, 784 P.2d 1258 (1990) (quoting *Louthan v. King Cy.*, 94 Wn.2d 422, 429, 617 P.2d 977 (1980)).

[58]*Pearce v. G.R. Kirk Co.*, 92 Wn.2d 869, 872, 602 P.2d 357 (1979).

construe RCW 4.16.170 as extending by 90 days the time period for satisfying the provisions of RCW 46.64.040.[59]

### 3. Personal Service Requirement

In order to take advantage of the tolling effect of RCW 4.16.170 after filing a complaint within the statute of limitations period, a plaintiff must "cause one or more of the defendants to be served . . . within ninety days from the date of filing the complaint."[60] We are concerned in this case with whether substituted service on the Secretary of State qualifies as personal service within the meaning of the tolling statute, RCW 4.16.170.

RCW 46.64.040 states, in relevant part, that, provided a party complies with its requirements, "such service shall be sufficient and valid personal service upon" defendants. Service of process on the Secretary of State instead of service on a defendant is an obvious substitute for traditional personal service, and has been referred to by this court as substituted or constructive service.[61] The Legislature has, however, chosen to identify this type of service as a form of "personal" service. This identification operates in favor of plaintiffs who use the statute in the manner in which it was used in this case and who rely on the wording of the statute to determine and satisfy the detailed requirements of service of process.

Where language of a statute is not ambiguous, there is no need for judicial interpretation.[62] In such a case, we accept

---

[59]The parties have raised an alternative interpretation of the substituted service statute, arguing that it is the petitioners' departure *during* the 3-year period following the accident that triggers use of substituted service during the 90-day extension of the statute of limitations. It is not necessary to reach this issue because of the decision we reach in this case.

[60]*Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 327, 815 P.2d 781 (1991) (quoting RCW 4.16.170).

[61]*See, e.g., Martin v. Meier, supra* at 479; *Reiner v. Pittsburg Des Moines Corp.*, 101 Wn.2d 475, 479, 680 P.2d 55 (1984).

[62]*Sidis v. Brodie/Dohrmann, Inc., supra* at 329.

the legislative characterization of the statute's procedures as a form of "valid personal service".[63]

### 4. Court of Appeals Remand

 Upon reversing the dismissal by the trial court, the Court of Appeals remanded the case for a factual determination whether Respondents had acted in good faith and exercised due diligence in attempting to personally serve Petitioners before resorting to substituted service.[64] This court has held that " 'due diligence' under the statute requires that plaintiff make honest and reasonable efforts to locate the defendant. Not all conceivable means need be employed, but, at the least, the accident report, if made, must be examined and the information [in it] investigated with reasonable effort."[65] Further, courts need "not impose any strictures on the period of time during the limitations period in which plaintiff makes diligent search for defendant."[66]

In this case, the record shows that Respondents began a series of personal service attempts 5 days prior to expiration of the 90-day extension and within the statutory time limit. The process server located the Triols' Seattle residence to which they had moved after the accident, and contacted neighbors who could provide no information concerning the Triols' whereabouts. Respondents made a final attempt at service at the Triols' residence address even after they had served the Secretary of State.[67] Their inability to personally serve the Triols was not because of a lack of diligence, but was because the Triols were away from home on a boat sailing into Canadian waters. We conclude from this that Respondents diligently attempted to personally serve the

---

[63]RCW 46.64.040.

[64]*Martin v. Triol, supra* at 867.

[65]*Martin v. Meier, supra* at 482.

[66]*Martin v. Meier, supra* at 480.

[67]See Clerk's Papers, at 5-6, 7-8, 35.

Petitioners in accordance with the mandates of RCW 46.64-.040.[68]

■ Findings of fact are appropriately made in the trial court.[69] Here, however, the facts are not in issue.[70] Rather, the "principal dispute relates to the meaning of [a] statutory term" and may be resolved by this court.[71] The record is sufficiently developed in this case for this court to determine, as a matter of law and in accordance with the test announced in *Meier*, that Respondents acted in good faith and exercised due diligence in attempting to find Petitioners and serve process on them prior to substituting service on the Secretary of State. We thus set aside the order of the Court of Appeals remanding the case to the trial court for findings of fact on good faith and due diligence.

CONCLUSION

We conclude that substituted service pursuant to RCW 46.64.040 satisfies the requirement of RCW 4.16.170 for "personal service" of process and affirm the Court of Appeals, holding that RCW 4.16.170 extends for 90 days the time in which parties may use the procedures under RCW 46.64.040 for substituted service of process, even if the 3-year time limit for such service expires during the 90-day period.

We, however, set aside the order of the Court of Appeals which remands the case to the trial court for factfinding on the issues of good faith and due diligence, and hold, as a

---

[68]Petitioners cite several cases concerning tests for good faith and due diligence that do not alter the *Martin v. Meier, supra,* test. *Anderson v. General Motors Corp.*, 161 F. Supp. 668 (W.D. Wash. 1958); *Davenport v. Taylor*, 50 Wn.2d 370, 311 P.2d 990 (1957); *Brenner v. Port of Bellingham*, 53 Wn. App. 182, 765 P.2d 1333 (1989); *Parkash v. Perry*, 40 Wn. App. 849, 700 P.2d 1201 (1985).

[69]*Fitzgerald v. Hopkins*, 70 Wn.2d 924, 928, 425 P.2d 920 (1967).

[70]Several affidavits describe the Respondents' attempts to serve the Triols. See Clerk's Papers, at 5-6, 7-8, 35. Petitioners' chronology of events agrees with the Respondents' assertions concerning attempts at service of process. *See* RAP 13.7(d); Supplemental Brief of Petitioners Triol app. A.

[71]*Leschi Imp. Coun. v. State Hwy. Comm'n*, 84 Wn.2d 271, 283, 525 P.2d 774 (1974) (plurality opinion).

152

matter of law, that Respondents Martin did act in good faith and with due diligence in attempting to personally serve Petitioners Triol.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, GUY, and JOHNSON, JJ., concur.

Reconsideration denied May 19, 1993.