[No. 23875-0-III.   Division Three.   November 15, 2005.]

JAMES F. TOPLIFF ET AL., *Appellants*, v. CHICAGO INSURANCE COMPANY, *Respondent*.

*Daniel E. Huntington* (of *Richter-Wimberley, P.S.*), for appellants.

*Kelly P. Corr* and *Mark B. Tuvim* (of *Corr Cronin Michelson Baumgardner & Preece, L.L.P.*), for respondent.

¶1 BROWN, J. — The State insurance commissioner received service papers for a suit against Chicago Insurance Company (CIC), but failed to notify CIC. This led to a default judgment by plaintiffs, James Topliff and Deborah Topliff, that the trial court vacated for extraordinary circumstances under CR 60(b)(11). The Topliffs' contend, despite the lack of notice to CIC, that CIC was properly served under RCW 48.05.200. We agree with the trial court that under these extraordinary facts, CIC was deprived of the opportunity to respond resulting in a failure of due process. Accordingly, we affirm.

## FACTS

¶2 Attorney James Topliff contracted for malpractice insurance with CIC. THCG, Inc., a loan factoring company, sued the Topliffs for an alleged securities act, chapter 21.20 RCW, violation. Ultimately, CIC declined coverage of the THCG claim, as not within the definition of "Professional

Service" as defined in the policy, and within the policy's exclusion for claims arising out of the involvement in business enterprises not identified as an insured under the policy. The Topliffs settled with THCG and sued CIC for bad faith, breach of contract, and Consumer Protection Act, chapter 19.86 RCW, violations.

¶3 The Topliffs served CIC by delivering a copy of the summons and complaint to the insurance commissioner on October 15, 2002, pursuant to RCW 48.05.200. But, instead of sending a copy of the pleadings to CIC, as required under RCW 48.05.210, the commissioner's office inexplicably failed to notify CIC. Receiving no response to the complaint, the Topliffs successfully moved for a default order on November 26, 2002 and received a default judgment in January 2003 for $2,186,863.19.

¶4 CIC first learned of the Topliffs' suit in late March 2004, when it received a corrected certificate of service from the insurance commissioner. On April 16, 2004, CIC moved to vacate the default judgment pursuant to CR 60(b)(11). The trial court granted the motion, concluding CIC was not afforded due process. The court found, "the lack of due process in this action constitutes an extraordinary circumstance justifying relief under CR 60(b)(11)." Clerk's Papers at 322. We consider the Topliffs' appeal after transfer from the Washington Supreme Court where the Topliffs originally filed their direct appeal.

## ANALYSIS

¶5 The issue is whether, under these facts, the trial court abused its discretion in vacating the Topliffs' default judgment under CR 60(b)(11) on due process grounds.

¶6 "Default judgments are generally disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits." *Showalter v. Wild Oats*, 124 Wn. App. 506, 510, 101 P.3d 867 (2004) (citing *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979)). We review a trial court's ruling under

CR 60(b) for an abuse of discretion. *Showalter*, 124 Wn. App. at 510. Our primary concern is whether the default judgment is just and equitable; thus, "we evaluate the trial court's decision by considering the unique facts and circumstances of the case before us." *Id.* at 511. We are more likely to reverse a court's decision not to set aside a default judgment than a decision to set aside such judgment. *Id.*

¶7 CR 60(b) partly permits relief from a final order upon showing: "(1) [m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; [or] (11) [a]ny other reason justifying relief from the operation of the judgment."

¶8 First, the Topliffs contend CIC's request for relief under CR 60(b) was untimely. The January 2003 default judgment was discovered by CIC March 2004. CIC filed its motion on April 16, 2004. CR 60(b) allows a reasonable time to file motions to vacate, but for CR 60(b)(1) the limit is one year. A reasonable time is determined by examining the case facts and circumstances; the critical period is the time between when the party becomes aware of the order and when he or she filed the motion to vacate it. *Luckett v. Boeing Co.*, 98 Wn. App. 307, 312, 989 P.2d 1144 (1999).

¶9 CR 60(b)(11) applications should be reserved for situations involving extraordinary circumstances not covered by any other section of CR 60(b). *In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985). Moreover, those circumstances must relate to "irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings." *Id.*

¶10 Here, the Topliffs properly served CIC, a foreign insurer, but the insurance commissioner neglected to notify CIC by forwarding the process. Any mistake, inadvertence, neglect, or irregularity rests solely with the insurance commissioner. CIC was surprised to learn of the Topliffs' suit after default judgment entry.

¶11 The extraordinary circumstances deprived CIC of an opportunity to respond to the Topliffs' suit. Notice and

opportunity to be heard are the basic pillars of due process. Without due process, our proceedings lack fundamental fairness. The insurance commissioner's neglect is inexcusable. Inexcusable neglect justifies relief under CR 60 (b)(11). *See Barr v. MacGugan*, 119 Wn. App. 43, 47, 78 P.3d 660 (2003) ("gross negligence may be grounds to set aside a judgment under Fed. R. Civ. P. 60(b)(6), the federal 'catchall' counterpart to CR 60(b)(11)"). We conclude CIC's motion to vacate provided "another reason justifying relief" under CR 60(b)(11). Thus, because CIC acted promptly to vacate the default judgment, we conclude CIC filed its motion within a reasonable time to satisfy CR 60(b) requirements.

¶12 Second, the Topliffs' contend no due process violation occurred because they followed all statutory steps to serve CIC under RCW 48.05.200(1). A foreign insurer "shall appoint the [insurance] commissioner as its attorney to receive service of, and upon whom shall be served, all legal process issued against it in this state," and "[s]ervice upon the commissioner as attorney shall constitute service upon the insurer." RCW 48.05.200(1). Upon receiving process, the commissioner shall "send one of the copies of the process, by registered mail with return receipt requested, to the person designated for the purpose by the insurer in its most recent such designation filed with the commissioner." RCW 48.05.210(2).

¶13 Service statutes are designed to ensure due process. *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991). In our context, due process requires notice and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). As with other service statutes, the procedure set forth in RCW 48.05.200 and .210 would normally satisfy due process. *See Martin v. Meier*, 111 Wn.2d 471, 478, 760 P.2d 925 (1988) (mailing notice to last known address of resident motorist satisfies due process). As a substitute service statute, RCW 48.05.200 requires strict compliance. *Martin v. Triol*, 121 Wn.2d 135, 144, 847 P.2d 471 (1993).

Service of process must satisfy the due process standard. *Id.* at 145.

¶14 Here, the facts show the insurance commissioner failed to forward the process to CIC at its given address. Thus, the trial court had tenable grounds for concluding CIC was deprived of due process. Nonetheless, the Topliffs argue any subsequent failure of the commissioner to forward notice of process to the insurer does not invalidate the effective service of process. While no Washington case has addressed this unique issue, cases from other jurisdictions provide guidance.

¶15 The majority hold the failure of an official to forward process to the corporation at the address on file supports vacating the default judgment either on due process grounds or as an extraordinary circumstance justifying relief under rules similar to CR 60(b)(11). *See Abarca v. Henry L. Hanson, Inc.*, 106 N.M. 25, 738 P.2d 519 (Ct. App. 1987) (vacated judgment on due process grounds); *Micarelli v. Regal Apparel, Ltd.*, 52 A.D.2d 524, 381 N.Y.S.2d 511 (1976) (vacating default judgment necessary to comport with due process); *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (plaintiff's service upon secretary of labor did not afford notice to defendant and thus justified relief under Federal Rules of Civil Procedure 60(b)(6) for exceptional or extraordinary circumstances).

¶16 The Topliffs cite two out-of-state cases seemingly contrary to the above holdings. But these cases stand virtually alone, predate *Mullane*, or are distinguishable in that the insurer appeared to have actual notice of the impending action. *See Postal Benefit Ins. Co. v. Johnson*, 64 Ariz. 25, 165 P.2d 173, 178 (1946) (defendant through its adjuster was apparently put on notice that a suit had been filed); *Succession of Rock v. Allstate Life Ins. Co.*, 340 So. 2d 1325, 1328 (La. 1976) (court found it "highly improbable" that secretary of state failed to forward copies of the process to insurer).

¶17 We follow the majority of cases holding that substitute service upon the designated state agency does

not constitute effective service if the agency fails to notify the defendant. On a motion to vacate, the moving party must show: (1) substantial evidence supports at least a prima facie defense to the claim asserted by the opposing party; (2) the moving party's failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) the moving party acted with due diligence after notice of the default judgment; and (4) the opposing party will not suffer substantial hardship if the default judgment is vacated. *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968). CIC made these showings. The trial court did not err. So holding, we do not reach the Topliffs' attorney fee request.

¶18 Affirmed.

SWEENEY, A.C.J., and MILLER, J. PRO TEM., concur.

Review denied at 157 Wn.2d 1018 (2006).