[No. 34560. *En Banc.* October 23, 1958.]

CHARLES A. REYNOLDS, *Appellant,* v. CHARLES RICHARDSON
*et al., Respondents.*[1]

*Livesey, Kingsbury & Livesey,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondents.

MALLERY, J.—This cause of action arose out of an automobile accident in Snohomish county, Washington, on July 3, 1955.

The trial court granted the defendants' motion to quash the service of summons and complaint, and the plaintiff appeals.

Our question concerns the compliance with RCW 46-.64.040 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6360-129], which provides for substituted service on nonresident motorists using the highways of this state. The pertinent part of the statute reads:

" . . . Service of such summons or process shall be made by leaving two copies thereof with a fee of two dollars with the secretary of state, or at his office, and *such service shall be sufficient* and valid personal service upon the nonresident, *but only if notice of such service* and a copy of the

[1]Reported in 330 P. (2d) 1014.

summons or process *is forthwith sent by registered mail, requiring personal delivery, by plaintiff to the defendant* and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof. However, personal service outside of this state in accordance with the provisions of law relating to personal service of summons outside of this state shall relieve the plaintiff of the duty of mailing a copy of the summons or process by registered mail. . . ." (Italics ours.)

At the time of the accident, the respondents were living in Everett, Washington. Subsequently, they left the state and moved to the state of Virginia.

The record shows that service was made on the secretary of state, and that personal service was made on respondent Charles A. Reynolds in the state of Virginia. It does not show, however, that notice of service on the secretary of state was sent by appellant to the respondents by registered mail or at all.

■ Personal service on the respondents relieved appellant of the duty to send a copy of the summons and complaint by registered mail, but it did not relieve him of the duty to send the respondents notice of service on the secretary of state. *Smith v. Belmore,* 1 F. R. D. 633.

On May 6, 1957, appellant received a copy of respondents' motion to quash. Hearings were had on this motion on August 16, 1957, and September 13, 1957. Appellant thus had ample notice and opportunity to perfect his service and introduce proof thereof.

Since service was not made as required by law, the trial court did not obtain jurisdiction of the respondents.

The judgment is affirmed.

ALL CONCUR.