[No. 35527. Department Two. March 30, 1961.]

ELTON R. MUNCIE *et al., Appellants,* v. WESTCRAFT CORPORATION *et al., Respondents.*[*]

*Cheney & Hutcheson,* for appellants.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for respondents.

MALLERY, J.—This is an action to recover damages for personal injuries sustained in an automobile accident between a car, in which the plantiff, a Washington resident, was riding as a passenger, and a pickup truck owned by the defendant Westcraft Corporation of California (here-

[*]Reported in 360 P. (2d) 744.

inafter called Westcraft) and driven by the defendant Hill, who was an employee of Westcraft and a California resident.

This action was commenced two years and five months after the accident. In attempting to comply with the Washington Motor Vehicle Act, the plaintiffs, on April. 7, 1959, served summons on the Secretary of State, and, on April 6, 1959, sent notice of such service by registered mail to defendants Hill and Westcraft at their last known address in California. On April 10, 1959, both notices were returned unopened. The one to defendant Hill indicated that he had moved leaving no forwarding address, and the one to Westcraft indicated that the forwarding order had expired (such change of address orders expire two years after being filed). On April 13, 1959, notice was sent to, and subsequently received by, William N. Bowie, the former trustee in bankruptcy of Westcraft. On May 11, 1959, a notice was sent to Earl Davis, the former president of Westcraft. This was also returned indicating that Davis had moved leaving no forwarding address.

Bowie's term as trustee in bankruptcy of Westcraft had expired nearly a year before he received the notice. However, remembering that Westcraft had carried public liability insurance on its trucks, he notified the insurance company. The insurance company then secured counsel who, on April 30, 1959, made a special appearance and moved to quash the summons for failure to comply with RCW 46.64.040. The trial court granted the motion and awarded statutory costs. The plaintiffs appeal.

At the time this action was commenced, RCW 46.64.040, the nonresident service of process statute, provided, *inter alia*:

" . . . Service of such summons or process shall be made by leaving two copies thereof with a fee of two dollars with the secretary of state, or at his office, and such service shall be sufficient and valid personal service upon the nonresident, *but only if* notice of such service and a copy of the summons or process is forthwith sent by registered mail, requiring personal delivery, by plaintiff to the defendant and the *defendant's return receipt* and the plaintiff's affidavit of compliance herewith *are appended to*

*the process and entered as a part of the return thereof.
. . ."* (Italics ours.)

Of the two types of statutes covering service of process on nonresident motorists, one requires that notice of service on the Secretary of State be sent to the "last known address" of a defendant, and the other requires that a defendant be actually notified of such service. For a comparative discussion of these two types see *Bucholz v. Hutton,* 153 F. Supp. 62, and *Powell v. Knight,* 74 F. Supp. 191.

■ The Washington statute is of the latter type in that it requires that notice be actually delivered to a defendant and proved by a signed return receipt. Statutes providing for constructive or substituted service are in derogation of the common law and, therefore, must be strictly construed. See 5A Am. Jur., Automobiles and Highway Traffic, 776, § 862.

The appellants having failed to comply with the statute, the service was not effective, and the trial court had no jurisdiction over the respondents. *Cf. Reynolds v. Richardson,* 53 Wn. (2d) 82, 330 P. (2d) 1014.

The appellants contend that the service should be held to be sufficient because respondents willfully evaded process. We would agree that a defendant cannot defeat the statute by willfully evading process. However, in the instant case, there is no evidence of evasion of process. It affirmatively appears that nobody knows where the respondents are or why they left their former homes.

We cannot agree with appellants that service on the former trustee in bankruptcy was sufficient to confer jurisdiction upon the court. The trustee's connection with the bankrupt terminated with his discharge.

Finally, the appellants assert that the respondents' special appearance was waived and converted into a general appearance when they asked for and received their costs below.

■ The trial court did have jurisdiction over the appellants and, therefore, had the authority to award to the respondents the cost of making their special appearance without making the appearance general because, other-

wise, every special appearance could be converted into a general appearance by the simple expedient of including an award of costs in the judgment of dismissal.

The judgment of the trial court, including the award of costs, is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

May 5, 1961. Petition for rehearing denied.