[No. 260-2.    Division Two.    December 18, 1970.]

WILLIAM BETHEL, *Respondent*, v. EMILY STURMER *et al.*, *Petitioners.*

*Elvidge, Veblen, Tewell, Bergmann & Taylor* and *Thomas A. St. Pierre,* for petitioners.

*Overland, Gelman & Sullivan* and *Herbert Gelman,* for respondent.

PETRIE, J.—Plaintiff, William Bethel, filed a summons and complaint in Pierce County Superior Court on October

17, 1969, alleging that he sustained injuries caused by defendant Emily Sturmer's negligent operation of a motor vehicle in the city of Tacoma on November 2, 1966. The complaint alleged that defendant was a resident of the state of Florida. Concurrently, plaintiff also filed an affidavit, signed by his counsel pursuant to RCW 4.28.185, asserting that he has reason to believe that the defendants are residents of Florida, and that they cannot be found in the state of Washington for purpose of service of process.

A sheriff's return of service, on file in superior court, indicates that on November 21, 1969, the sheriff of Thurston County served a copy of summons and complaint in this cause on the Secretary of State of the State of Washington. An "affidavit of service" dated November 24, 1969 and signed by A. Ludlow Kramer, Secretary of State (filed in superior court on April 20, 1970), declares that summons and complaint was received in his office on November 24, 1969 "and the same has been placed on file in this office as no address was given for the defendants."

In addition, there has been certified to us, another affidavit of plaintiff's counsel, dated and filed in superior court on April 20, 1967, which declares:

That pursuant to RCW 46.64.040, that upon service of the Summons on the Secretary of State, copies and notice thereof was forthwith sent to the defendant in Florida, and was thereafter returned by the postal authorities showing that the parties were no longer residing there and left no forwarding address; that in addition, an attempt was made to personally serve the defendant, and the Sheriff's return was made, indicating that the defendant was not able to be located, and copies of the aforementioned documents are attached hereto.

Copies of the "aforementioned documents" have not been certified to us, but we accept as verities[1] the assertions in the affidavits.

---

[1] No contravening affidavits have been filed; and, in fact, both parties have presented argument based on the truth of the assertions. We do have on "file" an "original return" signed by the sheriff of Broward County, Florida, declaring that he received a summons on October 29, 1969, "and hereby return same unserved for the reason that after

On April 2, 1970, defendant, Emily Sturmer, a single woman, filed a motion for dismissal pursuant to CR 12(b) asking that she be dismissed from this action for insufficiency of process and/or insufficiency of service of process. Said motion was supported by affidavit of her counsel asserting that she is now, and throughout 1969, had been a resident of British Columbia; that she has never been served with summons and complaint, personally, by mail, or otherwise. After argument thereon, the court entered an order on May 11, 1970, denying the defendant's motion and further adjudging that "the court has jurisdiction in this matter, and as a result of the absence of the defendant from the jurisdiction that the statute of limitations herein be and the same hereby is determined to have been tolled until such time as the defendant returns to the jurisdiction".

The defendant, Emily Sturmer, filed a petition for writ of certiorari in this court on May 26, 1970, and we issued the same on October 6, 1970.

The major issues to which we shall address ourselves are (1) whether or not the Superior Court for Pierce County had acquired valid jurisdiction of the person of Miss Sturmer by May 11, 1970, and (2) if not, the effect thereof.

■ Filing the complaint in superior court constituted tentative commencement of the action and gave the court conditional jurisdiction. *State ex rel. Dahl v. Superior Court*, 13 Wn.2d 626, 126 P.2d 199 (1942). It also provided the plaintiff with an additional 90 days in which to effect service on the defendant. RCW 4.28.010; *Dolan v. Baldridge*, 165 Wash. 69, 4 P.2d 871 (1931). Unless such service is effected within the 90 day period, the tentative commencement of the action becomes wholly abortive. *City Sash & Door Co. v. Bunn*, 90 Wash. 669, 156 P. 854 (1916). Service upon the Secretary of State constituted service

diligent search and inquiry, EMILY STURMER and 'JOHN DOE', husband and wife, the within named defendants could not be found in Broward County, Florida. Have returned to Canada."

upon defendant's statutory resident agent. RCW 46.64.040. The question remaining is simply whether or not such service on the statutory agent constitutes effective service on the defendant within the statutory requirements of due process as measured by the nonresident motorist statute.[2]

In *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 360 P.2d 744 (1961) the court distinguished the several types of nonresident motorist statutes which provide for some measure of due process. Although our statute has since been amended, our current statute still requires that something more be done than mere notice "sent" to defendant at her "last known address". Either the defendant's return receipt, showing actual receipt, or endorsement by postal authorities, showing delivery was refused, must be entered as a part of the return of process. In the case at bar, of course, no such receipt or endorsement has been filed of record.

More than 90 days elapsed between the filing of the complaint and the court's order of May 11, 1970. The statute not having been explicitly complied with, we would ordinarily declare that the court did not acquire jurisdiction over the person of the defendant. *Reynolds v. Richardson*, 53 Wn.2d 82, 330 P.2d 1014 (1958). If the court had not

---

[2]So far as pertinent herein, RCW 46.64.040 provides: "Service of such summons or process shall be made by leaving two copies thereof with a fee of two dollars with the secretary of state of the state of Washington, or at his office, and such service shall be sufficient and valid personal service upon said resident or nonresident: *Provided,* That notice of such service and a copy of the summons or process is forthwith sent by registered mail, requiring personal delivery, by plaintiff to the defendant and the defendant's return receipt, or an endorsement by the proper postal authority showing that delivery of said letter was refused, and the plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof: *Provided further,* That personal service outside of this state in accordance with the provisions of law relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided. The secretary of state shall forthwith send one of such copies by mail, postage prepaid, addressed to the defendant at his address, if known to the secretary of state. The court in which the action is brought may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

acquired jurisdiction over the person of the defendant, she would ordinarily be entitled to immediate dismissal. *Sanders v. Sanders*, 63 Wn.2d 709, 388 P.2d 942 (1964).

However, plaintiff contends—and presumably also contended before the superior court—that defendant has willfully evaded process. The same contention was also made in *Muncie v. Westcraft Corp.*, *supra*, and the court did declare that a defendant cannot defeat the statute by willfully evading process. However, in *Muncie*, the court determined that the record affirmatively showed no evasion of process.

Whether or not the defendant has so concealed herself so as to have evaded process is a factual question. In the case at bar it appears that the trial court made such a factual determination on the basis of the exhibits before it. The record reveals:

THE COURT: I don't think your motion is well taken, in view of the exhibits.

MR. ST. PIERRE: Is it Your Honor's position that there has been, at least on the face of the record at this point, sufficient concealment to have tolled the statute?

THE COURT: Yes.

We should note at this point that mere absence of a defendant from the state does not toll the statute of limitations, so long as the plaintiff has available to him the right to proceed under RCW 46.64.040. *Smith v. Forty Million, Inc.*, 64 Wn.2d 912, 395 P.2d 201 (1964).

Interpreting this state's "long arm" statute, RCW 4.28.185, the Supreme Court, preliminarily explored the rationale behind our tolling statute, RCW 4.16.180, as follows:

The rationale of the tolling statute is that every absence from the state (or a period of hiding or concealment within the state) which *prevents* a plaintiff from making a service upon a defendant—that would give our courts an in personam jurisdiction—should be excluded in computing the time within which a plaintiff must commence his action.

To stop the running of the statute of limitations, a defendant's absence from the state (or concealment within it) must be such that process *cannot* be served upon

him which would make possible a personal judgment against him.

(Italics ours.) *Summerrise v. Stephens*, 75 Wn.2d 808, 811, 454 P.2d 224 (1969).

Assuming, without deciding, that our tolling statute is broad enough to encompass tolling because of concealment *outside* the state as well as within the state, our search narrows to a review of the exhibits before the trial court in order to ascertain whether or not they indicate the defendant's actions were such that she concealed herself to the extent that personal notice of the service upon the Secretary of State could not have been, or that personal service could not have been, effected upon her—either within or outside the state of Washington.

Judicial interpretations of the standard of "concealment" necessary to toll the running of the statute of limitations are scarce. A clandestine or secret removal from a known address appears to be an element in such concealment. *Northern Com. Co. v. Big Four Trading Co.*, 86 Wash. 589, 150 P. 1151 (1915). Willful evasion of process appears to be a necessary ingredient. *Muncie v. Westcraft Corp., supra.*

One of the exhibits in the record is an investigator's accident report of the collision of November 2, 1966. It indicates that Miss Sturmer gave her address as 1108 Avocade Isle, Fort Lauderdale, Florida, but also indicates that her driver's license was issued by authorities in British Columbia and that her vehicle registration number was also issued in British Columbia. The exhibits also indicate that on February 28, 1967, in San Francisco, California, and on October 9, 1967, in Seattle, Washington, the defendant was personally served with summons and complaint in two separate actions arising out of this same collision. In at least one of these instances, service was effected in a lawyer's office. In the case at bar, so far as the record reflects, the plaintiff herein relied upon a Florida address given by defendant 3 years prior to attempted service upon her.

Rather than establishing that the defendant's where-

abouts was undiscoverable by due diligence, the record affirmatively shows no evasion of process.

Finally, plaintiff contends that since defendant apparently resided in a foreign country for a portion of the time during which the statute of limitations was running, she was immune from process. CR 4(i)(1) establishes several methods by which process may be served in a foreign country.

The record does not support a determination that process could not have been served upon the defendant during the 3 years following the accident (plus the 90 days following filing of the complaint). The order denying defendant's motion to dismiss her from the complaint is reversed and this case remanded with instruction to dismiss the complaint against her with prejudice.

ARMSTRONG, C. J., and PEARSON, J., concur.