[No. 19295-7-I. Division One. December 23, 1987.]

DEBRA C. MARTIN, *Appellant,* v. MARVIN L. MEIER, ET AL, *Respondents.*

*John Murphy, David A. Welts,* and *Welts & Welts,* for appellant.

*Robert B. Willoughby,* for respondents.

WILLIAMS, J.—The question in this case is whether the trial court erred in dismissing Debra Martin's damage action against Marvin Meier because it was not commenced within the 3–year statute of limitations.

The cause of action arose from an automobile accident in Whatcom County on September 1, 1982, which resulted in injuries to Martin. Shortly thereafter, Martin's attorney and Meier's insurance carrier, Safeco Insurance Company, began exchanging correspondence. The last letter between the two before the expiration of the statute of limitations on September 1, 1985, was dated January 21, 1985, from

Safeco. It reiterated the company's request for specific evidence connecting Martin's injuries and the accident so that her claim could be properly evaluated.

On August 12, 1985, Martin's attorney filed a summons and complaint with the Superior Court for Whatcom County and thereupon proceeded with service of process pursuant to RCW 46.64.040, the nonresident motorist statute. That statute provides in pertinent part:

each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons as provided in this section for nonresidents.

The affidavit of due diligence submitted by Martin's attorney to support nonresident motorist service stated:

That this affiant has made due and diligent inquiry of and among former neighbors, residing in the County of King. Skagit Services Process Server informed affiant that neighbors of Mr. Meier said approximately two and one–half to three years ago, the Defendant and his wife moved somewhere in the State of California.

That this affiant does not know the present whereabouts of the Defendants and cannot learn their present whereabouts after due diligence.

That personal service cannot be made on said Defendants within this State to this Affiant's best knowledge, information and belief; the return of service which is attached hereto and by this reference fully incorporated herein, stating that after diligent inquiry for the purpose of serving the Summons and Claim herein, the process server was unable to find said defendants or make personal service thereof on said Defendants.

The State Patrol traffic collision report filed at the time of the accident listed Meier as a student at Western Washington University in Bellingham and gave a current address in King County. The process server hired by Martin was unable to find Meier at that address, and was told by neighbors that Meier and his wife had moved to California.

In fact, it was Meier's parents who had moved to California; Meier was single and attended regular school terms at Western Washington from September 1982 to June 1986.

■ Substitute service statutes must be strictly construed. *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 38, 360 P.2d 744 (1961); *Thayer v. Edmonds*, 8 Wn. App. 36, 39, 503 P.2d 1110 (1972). Because there is no evidence Meier ever departed from the state, the attempt to gain jurisdiction over him by means of RCW 46.64.040 failed. *Reynolds v. Richardson*, 53 Wn.2d 82, 330 P.2d 1014 (1958).

■ Martin argues that Meier is estopped from asserting the statute of limitations because she was induced by Meier's insurer to delay filing her lawsuit until nearly the end of the 3-year limit. Estoppel will preclude a defendant from asserting the statute of limitations when his actions have fraudulently or inequitably invited a plaintiff to delay commencing suit until the applicable statute of limitations has expired. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 885, 719 P.2d 120 (1986). There is no proof that Meier's insurer engaged in fraudulent or inequitable actions which invited Martin to delay commencing suit until the statute of limitations had nearly expired.

■ Moreover, nothing in the record establishes that Martin has *ever* properly served the summons and complaint upon Meier. As the court noted in *Central Heat, Inc. v. Daily Olympian, Inc.*, 74 Wn.2d 126, 135, 443 P.2d 544, 44 A.L.R.3d 750 (1968):

> Facts and circumstances which create an estoppel at one point in time do not justify an unreasonable suspension of the statute of limitations. A party claiming estoppel to prevent an inequitable resort to the statute of limitations may not sleep on his rights. A statement on the duration of estoppel is found in Annot., 24 A.L.R.2d 1413, 1423 (1952):
>> [W]here the inducement for delay or the hindrance to the commencement of an action has ceased to operate before the expiration of the limitation period, so as to afford the plaintiff ample time thereafter in which to institute his action prior to the running of the statute

of limitations, he cannot excuse his failure to do so on the ground of estoppel.

The plaintiff must show reasonable diligence in bringing his suit after the estoppel has expired. La Porte v. United States Radium Corp. (1935, DC NJ) 13 F Supp 263.

Martin's attempt at service was of no effect; the action was not properly commenced within the 3-year statute of limitations.

The judgment of dismissal is affirmed.

COLEMAN, J., and COLE, J. Pro Tem., concur.

Review granted by Supreme Court April 5, 1988.