## NOTICE:   SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

March 1, 2022

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VIRGIL J. MIHAILA, | No. 55525-5-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| RONALD E. TROTH and HENDRIEKJE A. TROTH, husband and wife, and the marital community thereof, | |
| Respondents. | |

MAXA, P.J. – Virgil Mihaila appeals the trial court's grant of summary judgment in favor of Ronald and Hendriekje Troth in his personal injury action against the Troths. The action arose from an incident in which Mihaila fell from a ladder while installing a new roof on the Troths' shed and landed on a metal grounding rod that was sticking over a foot out of the ground. Mihaila saw the grounding rod as he was working and recognized the danger, but he claimed that he could not complete the roofing job without encountering it. Although he tried to position his ladder so that he would avoid the grounding rod if he fell, he somehow fell off the ladder and landed on the grounding rod, sustaining serious injuries.

We hold that a genuine issue of material fact exists whether the Troths should have anticipated some harm even though the danger the grounding rod presented was known and

No. 55525-5-II

obvious. Accordingly, we reverse the trial court's grant of summary judgment in favor of the Troths and remand for proceedings consistent with this opinion.

FACTS

*Background*

The Troths own a house and surrounding property in Lake Tapps. They had at least two metal grounding rods on their property. One of the grounding rods was near their shed, and extended 15 to 16 inches above the ground. The Troths leaned a large paver block against that rod so they would not hit it when mowing their lawn.

Mihaila is a remodeling contractor who the Troths had hired to perform several construction jobs. In March 2018, the Troths hired Mihaila to install a new roof on their shed.

Mihaila arrived at the Troths' property, got out his equipment and a four-foot ladder, and started to install new shingles on the shed roof. When Mihaila relocated his ladder to do the next set of shingles, he noticed the paver leaning against the grounding rod sticking out of the ground. The rod was toward the center of the shed. Mihaila knew the grounding rod was not safe because it was supposed to be completely embedded in the ground.

Mihaila removed the paver because he did not want it to be in the way of his ladder. He recognized that the grounding rod created a risk, but he had no way of removing the rod. So he positioned the ladder directly over the rod as a safety precaution; if he fell, he wanted to land on either side of it. After making sure the ladder was steady and was not wobbling, Mihaila got his nail gun and climbed up to the second step. Mihaila was not sure how it happened, but the ladder flipped and he fell. The ladder flew against the side of the shed and he landed on the grounding rod, which embedded in his right side. Mihaila suffered multiple rib fractures and a punctured lung.

2

No. 55525-5-II

*Complaint and Summary Judgment*

Mihaila filed a complaint against the Troths, alleging that they were negligent in failing to protect him from the danger of the grounding rod sticking out of the ground. The Troths denied that they were negligent and asserted the affirmative defense of contributory negligence.

The Troths filed a motion for summary judgment. The parties submitted excerpts from the deposition testimony of Mihaila and Mr. Troth setting forth the facts stated above.[1]

Mihaila submitted a declaration in which he said that the rod looked like "a sword sticking out of the ground." Clerk's Papers (CP) at 155. He stated that "I could not complete the job without confronting this hazard in some way." CP at 155. His solution was to remove the paver and place the ladder over the grounding rod to serve as a barrier in case he fell. Mihaila also submitted the report of a safety expert, who stated his opinion that a grounding rod that protruded 15 to 16 inches above the ground surface was an "unreasonably hazardous and dangerous condition." CP at 80.

The trial court granted the Troths' summary judgment motion. The court stated that summary judgment was appropriate regarding the Troths' duty because Mihaila "became aware of the risk, undertook to encounter the risk, and made his own efforts to mitigate the risk." Report of Proceedings at 24. Mihaila filed a motion for reconsideration, which the court denied.

---

[1] After this appeal was filed, Mihaila filed and the Troths joined a motion to supplement the record with the full deposition transcripts of Mihaila, Mr. Troth, and Mrs. Troth even though the full transcripts were not provided to the trial court. A court commissioner allowed the record to be supplemented, and the supplemental materials are in the record. However, RAP 9.12 states, "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." Therefore, we do not rely on these supplemental materials.

No. 55525-5-II

Mihaila appeals the trial court's grant of summary judgment in favor of the Troths and the denial of the motion for reconsideration.

ANALYSIS

A.    SUMMARY JUDGMENT STANDARD

We review a trial court's decision on a summary judgment motion de novo. *Sartin v. Estate of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020), *review denied*, 196 Wn.2d 1046 (2021). We view all the evidence and apply reasonable inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). There is a genuine issue of material fact if reasonable minds could disagree on the conclusion of a factual issue. *Id.*

Once a moving defendant shows that there is an absence of evidence to support the plaintiff's claim, the burden shifts to the plaintiff to set forth specific facts that show a genuine issue of material fact. *Id.*

B.    LIABILITY FOR KNOWN AND OBVIOUS DANGER

Mihaila argues that the trial court erred in granting summary judgment in favor of the Troths because he was a business invitee on their property, the grounding rod posed an unreasonable risk of harm, and there is a question of fact as to whether the Troths exercised reasonable care to protect him against that harm. We agree.

1.    Status of Injured Person

Under premises liability law, a landowner's duty to a person entering onto the property depends on the entering person's status as a trespasser, a licensee, or an invitee. *Afoa v. Port of*

4

No. 55525-5-II

*Seattle*, 176 Wn.2d 460, 467, 296 P.3d 800 (2013).  Mihaila asserts that he was an invitee, while the Troths suggest that he was a licensee.

An invitee for premises liability purposes includes a business invitee, who "is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."  RESTATEMENT (SECOND) OF TORTS § 332 (AM. LAW. INST. 1965); *see Afoa*, 176 Wn.2d at 467.  A licensee is "a person who is privileged to enter or remain on land only by virtue of the possessor's consent."  RESTATEMENT § 330; *see Afoa*, 176 Wn.2d at 467.

Comment e  to § 332 states that a business invitee includes people "who come upon land not open to the public . . . for a purpose connected with their own business which is connected with any purpose, business or otherwise, for which the possessor uses the land."  An example is "a workman who comes to make alterations or repairs on land used for residence purposes." *Id.*

Here, the Troths hired Mihaila in his business capacity to come onto their property for the specific purpose of repairing the roof on their shed.  We conclude that as a matter of law that Mihaila was a business invitee.

2.    Standard of Liability

For business invitees, we apply the liability standard stated in § 343 of the *Restatement (Second) of Torts*.  *Johnson v. Liquor and Cannabis Bd.*, 197 Wn.2d 605, 612, 486 P.3d 125 (2021).  Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

5

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT § 343. Under this standard, an invitee "is . . . entitled to expect that the possessor will exercise reasonable care to make the land safe for his entry," which includes inspecting for dangerous conditions, "followed by such repair, safeguards, or warning as may be reasonably necessary for [the invitee's] protection under the circumstances." *Id.* cmt. b; *see Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 138-39, 875 P.2d 621 (1994).

In addition, when the dangerous condition is known or obvious to an invitee, we apply § 343A(1) of the *Restatement*. *Tincani*, 124 Wn.2d at 139. Section 343A(1) states: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." RESTATEMENT § 343A(1).

As stated in the first clause, the general rule is that "a landowner is not liable to an invitee for dangers that are obvious." *Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 144 Wn.2d 847, 860, 31 P.3d 684 (2001). The rationale for this general rule is as follows:

> If [the invitee] knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. *The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care*, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

RESTATEMENT § 343A cmt. e (emphasis added).

However, the general rule is not absolute. Under § 343 and § 343A(1), "an invitee's awareness of an unsafe condition does not necessarily preclude a landowner of liability." *Mucsi*,

No. 55525-5-II

144 Wn.2d at 859. As noted in the second clause of § 343A(1), there may be situations where a landowner should anticipate that even known or obvious dangers will cause harm. RESTATEMENT § 343A(1) cmt. f.

For example, harm might be anticipated when the landowner has reason to expect that "the invitee's attention may be distracted" or the invitee may "forget what he has discovered." *Id.* Relevant here, harm also might be anticipated when "the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.* "Distraction, forgetfulness, or foreseeable, reasonable advantages from encountering the danger are factors which trigger the landowner's responsibility to warn of, or make safe, a known or obvious danger." *Tincani*, 124 Wn.2d at 140.

In *Mucsi*, the plaintiff slipped and fell on open and obvious snow and ice outside the side exit of an apartment complex clubhouse. 144 Wn.2d at 851-52. He sued the apartment complex owner. *Id.* at 853. Citing to comment f of § 343A, the court stated, "Liability may manifest where the landowner has reason to expect the tenant will encounter the known or obvious danger because to a reasonable person in that position the advantages of doing so would outweigh the apparent risk." *Id.* at 860. The court held that questions of fact existed regarding the property owner's liability under the facts of that case. *Id.* at 862-63.

The court did add the caveat that "the duty of a landowner is one of reasonable care. Therefore, a landowner is not a guarantor of safety – even to an invitee." *Id.* at 860 (citations omitted).

7

No. 55525-5-II

3.    Analysis

Here, there is also no dispute that the Troths owed Mihaila as an invitee a duty to protect him from the protruding grounding rod, which was a dangerous condition.  But it also is undisputed that the danger was known and obvious to Mihaila.  Therefore, the Troths have no duty and can have no liability unless they should have expected that a person would "fail to protect themselves against" the harm or should have "anticipate[d] the harm despite such knowledge or obviousness."  RESTATEMENT §§ 343(b), 343A(1).

Mihaila makes two arguments why the Troths should have anticipated that he might be injured and therefore had a duty to exercise reasonable care even though he was aware of the grounding rod and knew it was dangerous.  These arguments derive primarily from comment f to § 343A.

First, Mihaila argues that the Troths had reason to expect that he would be distracted while working on the roof on the shed and therefore would not protect himself against the danger the grounding rod presented.  But there is no evidence that Mihaila's injury occurred because he was distracted.  Instead, he was very mindful of the grounding rod, knew it presented a danger, and took steps to protect himself.

Second, Mihaila argues that the Troths had reason to expect that he could not eliminate the dangerous condition and would proceed to encounter the grounding rod despite the danger in order to complete the roof job because the advantage – getting paid for the job – outweighed the risk.  This is a more compelling argument.

Mihaila stated in his declaration that he "could not complete the job without confronting this hazard in some way."  CP at 155.  For purposes of appeal, we must assume that this statement is true.  *Sartin*, 15 Wn. App. 2d at 172.  A reasonable inference viewed in the light

8

No. 55525-5-II

most favorable to Mihaila is that the Troths were aware that Mihaila would have to encounter the dangerous grounding rod in order to replace the roof on the shed. And another reasonable inference is that the Troths had reason to expect that Mihaila would proceed to encounter the risk because he wanted to finish – and receive payment for – the project.

An illustration to § 343A comment f addresses a situation where the injured person is forced to encounter a known danger in order to go to work:

> A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment. *A is subject to liability to C*.

RESTATEMENT § 343A cmt. f, illus. 5 (emphasis added). Although not identical, this illustration is somewhat similar to this case. A question of fact exists as to whether Mihaila's only alternative to taking the risk caused by the grounding rod was to forgo the project he had been hired to perform.

Under the facts of this case, we conclude that genuine issues of material fact exist whether the Troths should have anticipated some harm even though the danger the grounding rod presented was known and obvious. Resolving this issue at trial may involve deciding the factual question of whether Mihaila in fact could not compete the roofing job without exposing himself to the danger presented by the grounding rod. If he could not, the trier of fact ultimately will have to decide whether the Troths failed to "exercise reasonable care to protect them against the danger," RESTATEMENT § 343(c), and if so, whether Mihaila was contributorily negligent.

We hold that the trial court erred in granting summary judgment in favor of the Troths.

9

No. 55525-5-II

## CONCLUSION

We reverse the trial court's grant of summary judgment in favor of the Troths and remand for proceedings consistent with this opinion.

_____
MAXA, P.J.

We concur:

_____
PRICE, J.

_____
BASSETT, J.P.T.*

\* Judge Jeffrey Bassett is serving as a judge pro tempore of the court pursuant to RCW 2.06.150(1).