# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BEATRIZ HOULIHAN, individually, | No. 55936-6-II |
| Appellant, | |
| v. | |
| ADIN MONROE and JANE DOE MONROE, and their marital community, | UNPUBLISHED OPINION |
| Respondents. | |

CRUSER, A.C.J. – Beatriz Houlihan appeals from the superior court order granting Adin Monroe's motion to dismiss this action for damages arising out of an automobile accident for lack of timely service. Houlihan argues that the superior court erred when it concluded that the statute of limitations had not tolled under RCW 4.16.180. Because Houlihan failed to present evidence establishing a question of fact as to whether Monroe engaged in purposeful concealment, we affirm the superior court.

## FACTS

### I. ACCIDENT AND ATTEMPTS AT SERVICE

On February 26, 2018, Houlihan and Monroe were involved in a car accident. On February 5, 2021, Houlihan filed a personal injury action against Monroe for damages arising from this accident.

Between February 15 and March 12, a process server unsuccessfully attempted to serve Monroe four times at his last known address. On March 24, a process server ran a "skip trace" trying to locate Monroe. Clerk's Papers (CP) at 38. An additional address was located, and the process server attempted to serve Monroe at the new address on March 29. The current resident had lived there for the previous two months and did not know Monroe. On March 31, the process server tried to serve Monroe at yet another address. A person at that residence did not know Monroe and told the process server that Monroe did not live there.

Later that day, the process server attempted to serve Monroe at still another address. The current resident at that address was Jodie Monroe, Monroe's relative. Jodie Monroe told the process server that Monroe was in the Army and was not currently living in Washington; she "would not give" the process server Monroe's current location. *Id.* at 39.

On April 1, Tiffany Wilke filed a notice of appearance notifying Houlihan that she was appearing for Monroe.[1] Wilke preserved any "objections as to improper service or jurisdiction" and stated that Houlihan was "directed to serve all future pleadings or papers, except original process, upon" Wilke. *Id.* at 4. Nothing in the notice of appearance provided Monroe's direct contact information.

That same day, despite the notice of appearance stating that Wilke would not accept service of original process, Houlihan's counsel's paralegal attempted to contact Wilke to see if she would accept service for Monroe. Wilke never responded. On May 3, Houlihan verified that as of that date Monroe was on active duty in the United States Army.

---

[1] The address information in the notice of appearance stated that Wilke was "staff counsel" for an insurance company.

## II. MOTIONS AND ORDER GRANTING MOTION TO DISMISS

Also on May 3, Houlihan moved to serve Monroe by publication. On May 17, Monroe responded that the superior court should deny the motion to serve by publication because he had not been served within the 90-day tolling period, which expired on May 6.

In her reply, Houlihan filed a declaration from her counsel's paralegal setting out the steps taken to serve Monroe described above. In addition, the paralegal asserted that

> [f]rom April 1, 2021 until May 18, 2021, our office continued to make reasonable efforts to locate [Monroe]. This includes a nationwide skip trace with two different investigators and one attempt to contact [the Judge Advocate General (JAG)] at [Joint Base Lewis-McCord (JBLM)] directly. All leads on a service address for [Monroe] dried up after we attempted service on his home on March 31, 2021. On that date we made contact with a relative of the defendant.

*Id.* at 39.

The paralegal also stated that on May 18, she personally served the secretary of state on behalf of Monroe. Houlihan's counsel later filed a confirmation of service stating that Monroe had been served and a copy of a letter from the secretary of state stating that Monroe had been served under the substitute service provisions of RCW 46.64.040, Washington's nonresident motorist act, on May 24.

Meanwhile, on May 11, Monroe filed a motion to dismiss the action under "CR 12(b)(2), (4), (5), and (6) for failure to properly commence this lawsuit within the applicable three-year statute of limitations." *Id.* at 14. Monroe argued that Houlihan had failed to establish personal jurisdiction and that the statute of limitations had expired because he had not been served within 90 days of the complaint having been filed.

Houlihan responded that the statute of limitations had not expired because she had "commenced" her action for service by publication within 90 days of February 5 by filing her

motion for service by publication. *Id.* at 24. In the alternative, Houlihan argued that the statute of limitations had tolled under RCW 4.16.180 because Monroe was outside the State of Washington and had attempted to avoid service.

Houlihan supported this second argument with the declaration of the process server. The process server's declaration listed the attempts to serve Monroe described above and noted that Jodie Monroe had told the process server that Monroe was in the Army and that, as of March 31, 2021, Monroe was not living in Washington. Monroe responded that the filing of a motion to serve by publication did not "commence" service for purposes of RCW 4.16.170 and that there was no evidence of willful concealment. *Id.* at 29 (boldface omitted).

At the hearing on the motion to serve by publication and the motion to dismiss, Houlihan's counsel conceded that the filing of the motion to serve by publication did not establish "commencement" on that date. Verbatim Report of Proceedings at 8. Counsel stated that once they realized this, they immediately perfected service through the secretary of state on May 24, 2021.

Houlihan's counsel then asserted that Houlihan was still arguing that the statute of limitations had tolled under RCW 4.16.180 because Monroe had left the state and was concealing himself. Counsel asserted that the statute of limitations was tolled from March 24, 2021 and continued for 43 days, so the May 24 service through the secretary of state was timely.

After considering the briefing and hearing argument,[2] the superior court granted Monroe's motion to dismiss and dismissed the case with prejudice. Given this ruling, the superior court did not consider Houlihan's motion to serve by publication.

Houlihan appeals.

---

[2] Neither party called any witnesses or presented any additional evidence at the hearing.

ANALYSIS

Houlihan's sole argument on appeal is that the superior court erred when it failed to find that Monroe was purposefully concealing himself from service of process.[3] We disagree.

## I. LEGAL PRINCIPLES

Houlihan has the burden of proof to establish that the statute of limitations was tolled and does not bar her claim. *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008). "While ideally, the statute of limitations is a defense that will be decided pretrial, when the facts are disputed the fact finder must resolve them." *Id.*

When, as is the case here, the court deciding a motion to dismiss considers matters outside of the pleadings, the motion must be treated as a summary judgment motion. *Mason v. Mason*, 19 Wn. App. 2d 803, 820, 497 P.3d 431 (2021), *review denied*, 199 Wn.2d 1005 (2022). We review summary judgment orders de novo. *Id.* at 819.

Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Mason*, 19 Wn. App. 2d at 819. A genuine issue of material fact exists when reasonable minds could reach different conclusions. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). "Mere allegations or conclusory statements of facts

---

[3] Monroe appears to assert that we should reject Houlihan's argument regarding her concealment claim because she never moved to toll the statute of limitations on that basis. Although Houlihan did not file a separate motion to toll the statute of limitations under RCW 4.16.180, the record clearly shows that Monroe made this argument as a defense to Houlihan's motion to dismiss. Accordingly, we consider this argument.

We note that Monroe's response brief also addresses whether Houlihan's filing of the motion to serve by publication "commenced" an action for service. Br. of Resp't at 17. But Houlihan abandoned that argument at the motion hearing and does not raise any issues related to this argument on appeal. Accordingly, we do not address this argument.

unsupported by evidence do not sufficiently establish such a genuine issue." *Discover Bank v. Bridges*, 154 Wn. App. 722, 727, 226 P.3d 191 (2010).

## II. NO EVIDENCE OF CONCEALMENT

The three-year statute of limitations applies to Houlihan's personal injury action. RCW 4.16.080(2). The statute of limitations began to run on the date Houlihan suffered the injury or damage; in this instance, February 26, 2018, the date of the accident. *In re Estates of Hibbard*, 118 Wn.2d 737, 744, 826 P.2d 690 (1992).

Houlihan filed her complaint on February 5, 2021, and, under RCW 4.16.170, the statute of limitations was extended for 90 days if Houlihan served Monroe within 90 days of filing the complaint. Thus, Houlihan was required to serve Monroe by May 6, 2021, unless the statute of limitations was otherwise tolled or extended.

RCW 4.16.180[4] tolls the statute of limitations if the defendant is concealing themselves to avoid service.[5] For purposes of RCW 4.16.180, concealment is the clandestine or secret removal from a known address and willful evasion of process. *Caouette v. Martinez*, 71 Wn. App. 69, 74, 856 P.2d 725 (1993); *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 147, 111 P.3d 271 (2005).

---

[4] RCW 4.16.180 provides:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

[5] We note that Monroe's mere absence from the state does not toll the statute of limitations under RCW 4.16.180 because Houlihan had the statutory right, pursuant to RCW 46.64.040, to serve Monroe through the secretary of state. *Martin v. Triol*, 121 Wn.2d 135, 147, 847 P.2d 471 (1993).

Whether a defendant has concealed themselves so as to evade process is a factual question. *Bethel v. Sturmer*, 3 Wn. App. 862, 866, 479 P.2d 131 (1970). "Assuming, without deciding, that [RCW 4.16.180] is broad enough to encompass tolling because of concealment outside the state as well as within the state," Houlihan had to establish more than just that Monroe had departed from a known address. *Id.* at 867 (emphasis omitted); *see also Rodriguez*, 127 Wn. App. at 147 (requiring a showing of willful concealment for non-resident defendant). Houlihan also had to show that Monroe had engaged in willful evasion of service. *Rodriguez*, 127 Wn. App. at 147. Here, the evidence, taken in the light most favorable to Houlihan, did not establish a question of fact as to a clandestine or secret removal from a known address or willful evasion of service.[6]

The only evidence regarding Monroe's relocation was that he joined the military and was sent out of state at some point during the three years since the accident. There was no evidence suggesting that his relocation was clandestine or secret.

As to willful evasion of service, Houlihan argues that we can infer from Wilke's notice of appearance that Jodie Monroe contacted Monroe and that he then provided information about the lawsuit to his insurance provider. Houlihan further asserts that Monroe's change of residence, the fact he likely no longer resides in the state, the fact Jodie Monroe refused to provide the process server with additional information, and the fact Wilke did not respond to the paralegal's request to accept service of original process establishes a "conspiracy to avoid service." Br. of Appellant at 5. But this is mere conjecture. There is no evidence that Monroe joined the military and moved

---

[6] We acknowledge that Houlihan relies on *Caouette*, 71 Wn. App. at 69. But *Caouette* does not assist Houlihan because it addressed whether the statute of limitations tolled when the defendants were amenable to service by publication during a period of concealment, not whether the trial court had properly determined that the plaintiff had established concealment. 71 Wn. App. at 73-75.

within the three-year period since the accident to avoid service of process. Nor, even if we assume that a third party must disclose a defendant's location, is there any evidence that Monroe knew that Houlihan was planning to serve him and instructed Jodie Monroe or Wilke not to disclose his location in order to avoid service. And there is no evidence that Monroe had any influence over the type of information that the military would provide regarding his current location. Thus, none of these facts establish willful avoidance of service.

At best, the evidence presented established that within the three years since the accident Monroe had enlisted in the military and moved out of state, and that Jodie Monroe would not share additional information with the process server. It also showed that Houlihan was unable to discover Monroe's new location by contacting JAG or JBLM or running "skip trace[s]," and that Monroe's attorney did not respond when Houlihan's lawyer's office contacted her about accepting service on behalf of Monroe. CP at 39. But all this shows is that Monroe left the state due to military obligations, that Houlihan was unable to locate him, and that others (Jodie Monroe and Wilke) did not provide additional information—it does not provide evidence that Monroe engaged in willful avoidance of service.

Because the evidence, taken in the light most favorable to Houlihan, does not establish a question of fact as to whether Monroe engaged in the clandestine or secret removal from a known address and willful evasion of process, the superior court properly determined that Houlihan failed to establish concealment. Thus, the superior court did not err when concluded that the statute of

limitations did not toll under RCW 4.16.180 and granted Monroe's motion to dismiss. Accordingly, we affirm.[7]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

WORSWICK, J.

MAXA, J.

---

[7] In his response, Monroe moves to strike "the non-compliant elements of Appellant's Brief." Br. of Resp't at 8. We deny the motion to strike, but assure Monroe that we have considered only those facts that are supported by the record and those argument sufficiently supported by legal argument.