# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KEITH D. MILLER, in his capacity as Personal Representative of the Estate of KEVIN D. MILLER, | No. 60564-3-II |
| Respondent, | |
| v. | |
| STEPHANIE MILLER, an individual, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Stephanie Miller appeals the trial court's grant of summary judgment in favor of Keith Miller, in his capacity as personal representative of the estate of Kevin Miller.[1]

Stephanie and Kevin married in 2013 and divorced in 2019. Kevin had a Boeing Company 401(k) retirement plan administered by Fidelity Workplace Services LLC (Fidelity). Stephanie was the designated beneficiary on the retirement plan, and she was not removed as the beneficiary after Stephanie and Kevin's divorce. When Kevin died intestate in 2023, Fidelity disbursed approximately $373,000 to Stephanie.

---

[1] We refer to the parties and the decedent by their first names due to their shared last name. No disrespect is intended.

Keith subsequently sued Stephanie for unjust enrichment, arguing that RCW 11.07.010(2)(a) revoked Stephanie's status as the beneficiary on the Boeing retirement plan when she and Kevin divorced. The trial court granted Keith's motion for summary judgment and required Stephanie to pay the money from the retirement plan disbursement to Keith.

RCW 11.07.010(2)(a) requires that a provision made before the dissolution of a marriage that relates to the payment the decedent's interest in a "nonprobate asset" in favor of the decedent's former spouse is revoked. RCW 11.07.010(5)(a)(i) defines a "nonprobate asset" as an employee benefit plan unless "provided otherwise by controlling federal law." Stephanie argues that a federal statute, the Employment Retirement Income Securities Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, is controlling federal law such that Kevin's retirement plan is not a nonprobate asset under RCW 11.07.010(5)(a)(i), and therefore RCW 11.07.010(2)(a) does not apply. Although Stephanie submitted documents in the trial court from Fidelity showing that the retirement plan was an ERISA benefit plan, she did not specifically argue that RCW 11.07.010(2)(a) did not apply because ERISA was controlling law.

We hold that (1) although Stephanie did not mention ERISA in the trial court, we exercise our discretion to address her arguments; and (2) the trial court erred when it granted summary judgment in favor of Keith because RCW 11.07.010(2)(a) does not apply and therefore Keith's unjust enrichment claim fails as a matter of law. Accordingly, we reverse the trial court's grant of summary judgment in favor of Keith and remand with instructions to enter judgment in favor of Stephanie.

FACTS

Kevin and Stephanie were married in 2013. Kevin had a Boeing retirement plan administered by Fidelity. Stephanie was the designated beneficiary on the retirement plan.

Kevin and Stephanie divorced in 2019. The dissolution decree did not address Kevin's retirement plan. Stephanie was not removed as the beneficiary of the retirement plan after the divorce.

Kevin died intestate in April 2023. At the time, Kevin's retirement plan was valued at approximately $373,000. Because Stephanie was the listed beneficiary, Fidelity distributed that amount to her.

Keith was made personal representative of Kevin's estate. He learned that Fidelity had distributed the Retirement Plan proceeds to Stephanie. Keith filed a lawsuit against Stephanie for unjust enrichment. He alleged that Stephanie was unjustly enriched because she lost any interest in Kevin's retirement plan when she and Kevin divorced.

Stephanie had an attorney who appeared in the lawsuit. However, it does not appear that Stephanie's attorney did any work apart from answering Keith's complaint, and the attorney threatened to withdraw from the case after Stephanie could not produce certain documents.

Keith filed a motion for summary judgment with evidence supporting the facts as described above. He argued that Kevin's retirement plan was a nonprobate asset, and that RCW 11.07.010(2)(a) provided that the retirement plan's designation of Stephanie as a beneficiary became void when Stephanie and Kevin divorced.

The record suggests that Stephanie represented herself in responding to the summary judgment motion. Stephanie submitted a variety of documents related to Kevin's retirement plan to the trial court, including a letter stating that Kevin designated Stephanie as the beneficiary for the retirement plan.[2] Stephanie also stated that she should receive the retirement plan benefits

---

[2] The trial court read Stephanie's letter into the record as her opposition to summary judgment. The trial court also appears to have considered Stephanie's documents, even though they were

because she was the listed beneficiary, and that when Kevin retired early in 2020 he still listed her as the beneficiary. Stephanie stated that when she asked, Fidelity repeatedly told her that she was the proper recipient of the retirement plan benefits.

Stephanie submitted a letter from Fidelity to the court. The letter stated that Fidelity administered the retirement plan and that the plan was subject to ERISA's requirements. Stephanie also submitted a form from Fidelity that showed that she was Kevin's designated beneficiary. The beneficiary designation appears to state that it was entered in January 2022, after Kevin and Stephanie's divorce. And the designation lists Stephanie as a spousal beneficiary to receive 100 percent of the retirement plan. Stephanie also did not mention ERISA in any of her letters to the court or during oral argument.

The trial court granted summary judgment in favor of Keith. Stephanie appeals the trial court's summary judgment order.

## ANALYSIS

### A. STANDARD OF REVIEW

We review summary judgment orders de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). We view all evidence in the light most favorable to the nonmoving party, including all reasonable inferences. *Id.* Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists if reasonable minds can come to different conclusions on a factual issue. *Id.* But summary judgment can be determined as a matter of law

---

not accompanied by a supporting declaration. Keith did not object to these submissions, and the format of Stephanie's submissions to the trial court is not at issue in this appeal.

if the material facts are not in dispute. *Protective Admin. Servs., Inc. v. Dep't of Revenue*, 24 Wn. App. 2d 319, 325, 519 P.3d 953 (2022).

B.     RELEVANT STATUTES AND CASES

1.    RCW 11.07.010 and ERISA

RCW 11.07.010(2)(a) states,

If a marriage or state registered domestic partnership is dissolved or invalidated, or a state registered domestic partnership terminated, a provision made prior to that event *that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset* in favor of or granting an interest or power to the decedent's former spouse or state registered domestic partner, is revoked.

(Emphasis added.)  RCW 11.07.010(2)(a) provides that a nonprobate asset impacted by that section be distributed as if the former spouse died at the time of entry of the dissolution decree.

RCW 11.07.010(5) states in part,

(a) As used in this section "nonprobate asset" means those rights and interests of a person having beneficial ownership of an asset that pass on the person's death under only the following written instruments or arrangements other than the decedent's will:

(i) [a] payable-on-death provision of a . . . employee benefit plan, . . . *unless provided otherwise by controlling federal law*.

(Emphasis added.)

ERISA requires an employee benefit plan to "specify the basis on which payments are made to and from the plan."  29 U.S.C. § 1102(b)(4).  ERISA also requires fiduciaries to administer the plan "in accordance with the documents and instruments governing the plan."  29 U.S.C. § 1104(a)(1)(D).  ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

ERISA states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that ERISA covers. 29 U.S.C. § 1144(a).

2.    Relevant Cases

The United States Supreme Court specifically discussed whether ERISA preempts RCW 11.07.010 in *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001).[3]

In *Egelhoff*, a decedent had a retirement plan through Boeing, which was governed by ERISA. *Id.* at 144. The decedent and his wife divorced, and two months later he died intestate. *Id.* The former wife remained the listed beneficiary on the retirement plan. *Id.* The decedent's children sued, arguing that they were entitled to the retirement plan benefits under RCW 11.07.010(2)(a). *Id.* The United States Supreme Court held that ERISA expressly preempted RCW 11.07.010(2)(a) with respect to plans covered by ERISA. *Id.* at 146-50. The court relied on ERISA's preemption provision, 29 U.S.C. § 1144(a), which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *Id.* at 146.

After the Supreme Court's decision in *Egelhoff*, the Washington legislature amended RCW 11.07.010(5)(a)(i) to add "unless provided otherwise by controlling federal law" to the definition of a nonprobate asset. LAWS OF 2002, ch. 18, §1. The legislature's bill report stated,

> Current Washington law provides, upon divorce, for the automatic revocation of the designation of a spouse as a beneficiary of various nonprobate assets like life insurance, pension plans, and payable on death bank accounts. A recent U.S. Supreme Court decision, *Egelhoff v. Egelhoff*, found that the Washington statute

---

[3] The Court in *Egelhoff* analyzed a former version of RCW 11.07.010 that did not contain RCW 11.07.010(5)(a)(i)'s statement "unless provided otherwise by controlling federal law." *Egelhoff*, 532 U.S. at 144; *see* former RCW 11.07.010 (1994).

cannot be applied to pension plans governed by [ERISA] because that federal law preempts state law. It is the hope of proponents of this legislation that the express reference to controlling federal law contained in this bill will cause practitioners to not rely upon the Washington statute where it has been preempted by federal law.

FINAL B. REP. ON S.B. 6242, 57th Leg., Reg. Sess. (Wash. 2002).

Division One of this court addressed this issue with respect to a post-distribution claim regarding a divorced spouse's retirement plan benefits in *Estate of Lundy v. Lundy*, 187 Wn. App. 948, 950, 352 P.3d 209 (2015). In *Lundy*, the decedent had an ERISA-controlled retirement plan through his employer, Boeing, for which his wife was the designated beneficiary. *Id.* at 950-51. The couple divorced, but the decedent did not change the beneficiary on his retirement account after the divorce. *Id.* After the decedent died intestate, the retirement account administrator apparently distributed the amount of the account to the decedent's former wife. *Id.*

The decedent's sister sued the former wife for recovery of the funds from the account on behalf of his estate. *Id.* The trial court granted summary judgment for the estate, ruling that RCW 11.07.010(2)(a) revoked the former wife's status as a beneficiary when the couple divorced. *Id.*

Division One reversed. *Id.* at 960-61. The court stated, "After *Egelhoff*, there is no doubt that RCW 11.07.010 is inapplicable to ERISA benefits." *Id.* at 954. "[F]ederal law mandates the distribution of ERISA benefits to the designated beneficiary, regardless of state law providing otherwise." *Id.* The court also rejected the estate's argument that *Egelhoff* permitted lawsuits against the beneficiary to recover ERISA benefits after their distribution. *Id.* at 955-60.

C.     FAILURE TO PRESERVE ARGUMENT

Keith argues that Stephanie failed to preserve her ERISA arguments by failing to argue in the trial court that ERISA preempts RCW 11.07.010. We exercise our discretion to consider these arguments.

Under RAP 2.5(a), we "may refuse to review any claim of error which was not raised in the trial court." But because RAP 2.5(a) uses permissive language, we also have discretion to consider unraised claims. *Carter v. C&K Contracting, Inc.*, 35 Wn. App. 2d 41, 49, 573 P.3d 914 (2025). We liberally interpret these rules to "promote justice and facilitate the decision of cases on the merits." RAP 1.2(a). And we may "waive or alter the provisions of any of [the RAPs] in order to serve the ends of justice." RAP 1.2(c).

Here, Stephanie – representing herself – did not expressly mention ERISA or preemption in the trial court. However, she presented evidence that she was the designated beneficiary on Kevin's retirement plan. And she presented a letter from Fidelity that ERISA governed the retirement plan. Nevertheless, Keith argued and the trial court ruled that the beneficiary designation was revoked under RCW 11.07.010(2)(a).

The law is clear under *Egelhoff* and *Estate of Lundy* that ERISA preempts RCW 11.07.010(2)(a) and that a former spouse who remains the designated beneficiary after dissolution is entitled to the former spouse's retirement account. Apparently, Keith's counsel was unaware of the controlling law. Stephanie's counsel also apparently was ignorant of the law. Because counsel did not accurately present the law, the trial court applied RCW 11.07.010(2)(a) even though ERISA clearly controlled.[4]

We are charged with applying the law. We cannot ignore the "unless provided otherwise by controlling federal law" provision in RCW 11.07.010(5)(a)(i), ignore *Egelhoff* and *Estate of Lundy*, and apply RCW 11.07.010(2)(a) in order to affirm the trial court. Under the unique

---

[4] On appeal, Keith acknowledges that ERISA likely preempts RCW 11.07.010(2)(a).

circumstances of this case and to promote justice, we exercise our discretion to address Stephanie's arguments.

D.    ANALYSIS

Stephanie argues that the trial court erred when it granted summary judgment in favor of Keith. We agree.

Here, the letter from Fidelity that Stephanie submitted to the trial court establishes that the Kevin's retirement plan was governed by ERISA. The letter clearly states that Fidelity maintains the retirement plan in compliance with ERISA.[5] Therefore, there is no genuine dispute of material fact that the retirement plan was an ERISA benefit plan.

RCW 11.07.010(5)(a)(i) states that an employee benefit plan will be considered a "nonprobate asset" for purposes of the dissolution of a marriage "unless provided otherwise by controlling federal law." Although the legislature added this provision to the statute after *Egelhoff*, the Supreme Court in *Egelhoff* clearly stated that ERISA's requirements for distribution to designated beneficiaries preempt RCW 11.07.010(2)(a). 532 U.S. at 147-48. Division One applied this rule in *Estate of Landy*. 187 Wn. App. at 954. "[F]ederal law *mandates the distribution of ERISA benefits to the designated beneficiary*, regardless of state law providing otherwise." *Id.* (emphasis added).

Because ERISA is "controlling federal law" and governed the retirement plan's administration, the retirement plan was not a "nonprobate asset" as defined in RCW 11.07.010(5)(a)(i). Because the plan was not a nonprobate asset, RCW 11.07.010(2)(a) does not apply. Instead, the provisions of Kevin's ERISA-governed retirement plan control, and Fidelity

---

[5] Notably, the cases discussing ERISA and RCW 11.07.010 also involve Boeing 401(k) retirement plans. *Egelhoff*, 532 U.S. at 144; *Lundy*, 187 Wn. App. at 950.

determined that Stephanie was the proper recipient of the plan funds as the designated beneficiary. This analysis applies to Keith's unjust enrichment claim because it is a state law post-distribution claim for ERISA benefits. *Lundy*, 187 Wn. App. at 959.

As a matter of law, Kevin's retirement plan funds had to be distributed according to ERISA, which required that the designated beneficiary to receive the benefits. Therefore, Stephanie – as the designated beneficiary on the retirement plan – was the proper recipient of the funds, and Keith's unjust enrichment claim fails. Accordingly, we hold that the trial court erred as a matter of law when it applied RCW 11.07.010(2)(a) and granted summary judgment in favor of Keith.

CONCLUSION

We reverse the trial court's grant of summary judgment in favor of Keith and remand with instructions to enter judgment in favor of Stephanie.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
PRICE, A.C.J.

_____
CHE, J.